## JOHN ELLIS *vs. Inhabitants of* MADISON.

The clerk's entry in the docket, " 20 dollars brought into Court under the common rule," implies that leave therefor was first obtained; and no other evidence of payment of money into the Court is necessary.

The thirty-second rule of this Court, relating to the payment of money into Court, applies to all actions whatsoever.

Parol evidence to change the effect of an entry in the docket is inadmissible.

EXCEPTIONS from the Court of Common Pleas, *March Term,* 1836, *Smith J.* presiding.

The action was assumpsit for the support of a pauper, which the defendants were bound to relieve, and was entered at the then last *June Term* of said Court, when the following entry was made under the action in the docket. " 20 dollars brought into Court under the common rule." The action was continued, and at the next term, the following entry was made. " 25 dollars brought into Court under the common rule." But no motion was made in writing, and there was no evidence of the offer of the money, other than as appears by said entries. The cause went to the jury, and a verdict was returned for the plaintiff for thirty-four dollars. The Judge directed the jury to assess the whole damages, without regarding the sum paid into Court, and that the verdict might be put into form afterwards. The parties consented, that the verdict of the jury might be amended and put into form. The plaintiff moved the Court to allow him his full costs to the time of the verdict, and to refuse the defendant all costs; and he

Ellis *v.* Madison.

offered to prove, that the defendants said to the plaintiff, *at the time when the action was tried*, that the money so brought into Court was intended in full satisfaction for damages and all costs. This evidence was rejected by the Judge, and costs allowed the plaintiff only to the time of bringing the money into court; and costs were allowed the defendants after that time. The plaintiff filed exceptions.

*Tenney*, for the plaintiff, cited the rule of the Court of Common Pleas on the subject, precisely like *Rule* 32 of this Court, 9 *Greenl.* 302; *Boyden* v. *Moore*, 5 *Mass. R.* 365; *Howe's Practice*, 401, 402.

*Wells*, for the defendants, said that the plaintiff had received costs to the time of the payment into Court, to which he was not entitled, but which could not be remedied, because no exception was taken by the defendants; and relied on the same rule of Court. He also cited *Boyden* v. *Moore*, 5 *Mass. R.* 365, cited for the plaintiff; *Howe's Practice*, 408; *Williams* v. *Ingersoll*, 12 *Pick.* 345.

The opinion of the Court, after a continuance *nisi*, was drawn up by

WESTON C. J. — The common rule of the Common Pleas, in regard to the payment of money into court, is precisely like the thirty-second rule of this court, which is to be found in 1 *Greenl.* 421.

It is contended by the counsel for the plaintiff, that the money brought into court in this action, was not upon leave granted; but the entry in the docket implies that leave was first obtained; otherwise it could not have been paid under the common rule. The entry sufficiently apprizes the counsel for the plaintiff of what was done, if he had not notice, at the time when leave, thus to pay in the money, was granted to the defendants. And in our practice, no other evidence of this proceeding is required, or is necessary, either for the court or the parties. It does sufficiently appear upon the docket, that two sums, and not one only, were paid into court under the common rule.

It is further insisted, that this is not a case, to which the common rule applies. But whatever may be the *English* rule, or the

rule of other courts, our rule and that of the Common Pleas, ap-plies to all actions.   And it is equally useful in all cases, either by arresting litigation by a fair adjustment, or by justly throwing costs subsequently incurred upon him, who is ultimately found to prosecute or defend, what may remain in controversy, without right.

And we are of opinion, that the Judge below properly rejected parol testimony, to change the effect of the entry on the docket. It was clearly inadmissible to affect the regular evidence of proceedings in court.

The common rule does, it is true, provide, that the sum thus paid shall be stricken out of the declaration, as if paid before the commencement of the action, which proceeds only for the residue.   But by consent of parties this was waived, it being agreed that the verdict when returned, should be amended and put into form by the court.   As the jury found less for the plaintiff, than the money paid into court, it was in effect, under the rule and the consent of the parties, a verdict for the defendants.   The motion on the part of the plaintiff for full costs, was properly overruled by the Judge, and costs to the defendant, from the time the money was brought in, were rightfully allowed.