*In the Matter of the Petition of* C. C. WATSON *for a Writ of Habeas Corpus.*

PETITION by *C. C. Watson*, who prayed to be released from the custody of George Balch, as sheriff of Chase county. *S. N. Wood*, and *Waters & Ensminger*, for petitioner; and *W. A. Johnston*, attorney general, and *Edwin A. Austin*, for respondent. Hearing at chambers, July 31, 1883, before BREWER, J., who filed the following opinion, August 7, 1883:

This is an application in *habeas corpus*. The facts are these: The petitioner is in the custody of the respondent, the sheriff of Chase county, under a warrant of commitment issued by the district court of that county. It appears that in the early part of 1882, an information was filed against the petitioner, charging him, under § 15 of the crimes act, with administering medicines, drugs, etc., to a woman with a quick child, with the intent to destroy such child. The case was tried at the May term, 1882, and the defendant found guilty under § 44 of such act, of administering medicines, etc., with intent to procure abortion. The motion for a new trial was made and overruled. All this took place at the May term. Thereafter a motion in arrest of judgment was filed, and continued to the December term. On the journals of that court of the December term, at its last day, appears an entry overruling the motion in arrest of judgment, and sentencing the defendant to pay a fine of $50 and costs. A bill of exceptions was duly signed, and such judgment appealed to this court, and the judgment affirmed at the July session of this court. (Ante, p. 281.) Now it is claimed by petitioner that this entry of a judgment at the December term of the district court is wrong; that in fact no judgment was then entered; that the entry on the journal is an interpolation and unauthorized; and that he has never been •

48—30 KAS.

sentenced by any court.  As a matter of fact, if parol testimony is competent to contradict the record, it can be shown that at the last day of the December term the motion in arrest of judgment was called for hearing.  The parties were not ready, and desired further time.  The presiding judge of that court had some time before tendered his resignation, to take effect January 1, 1883, and he at that time stated to the parties that it must be then heard, or go over for consideration by his successor.  It was thereupon agreed by the county attorney and the attorney for defendant that the motion in arrest and the further disposition of the case should be heard before Judge Peters, the then judge, at Topeka, on the 3d or 4th of January following, and that the disposition which he should then make of the motion and of the case, should be entered of record as a part of the proceedings of the last day of the December term.  On January 3d or 4th, the motion in arrest was in fact argued before Judge Peters, at Topeka, and his decision there announced, overruling the motion and sentencing the defendant.  The journal entry containing this ruling was not there and then signed by him, but was forwarded to him at his residence in Harvey county, and within a day or two thereafter signed by him and forwarded to the clerk of Chase county district court, and by him entered on the journal.  Now if parol testimony is competent to contradict the record, it will appear that the motion in arrest of judgment and the oral announcement of the motion and sentence, were made by Judge Peters after his term of office had expired by resignation, and when he was in fact a private citizen and outside of the district.  This therefore is the question presented, whether in a *habeas corpus* case the entry of a judgment in the district court, entered in the ordinary way on the journals of that court and in all things apparently regular, can be overthrown by parol testimony that such entry was ordered and directed by one who had ceased to be a judge of that court, and while assuming to act outside of the district?

The case has been argued very fully, authorities cited on both sides, and an appeal made to some elementary and familiar rules of law. On the one hand, it is said that no magistrate or judicial officer has jurisdiction outside of the territory of which he is an officer, (*Morrell v. Ingle*, 22 Kas. 32; *Comm'rs of Marion Co. v. Barker,* 25 id. 258; *Phillips v. Thralls*, 26 id. 780;) and again, that no private citizen may usurp the functions of a court, and pronounce judgment and sentence against a party. On the other hand, it is insisted that the records of a court import absolute verity, and cannot be overthrown by parol testimony.

With some hesitation, in view of the decisions already made by this court, I think the latter proposition is controlling. It may be remarked in the first instance, that no fraud or deception has been practiced upon the petitioner. No entry has been surreptitiously made on the records of the district court. Everything that was done, was done with the knowledge and assent of defendant's counsel. He accepted the judgment, which was apparently entered in due form, as valid, and sought by appeal to this court to have the same set aside. He treated it as regular for the purpose of an appeal, knowing at the time just what had been done.

Again, while the oral opinion and announcement of the decision were made outside the district, yet the journal entry was signed within the district, so that as far any legal action was taken, it was taken within the district. Again, while Judge Peters had resigned and was no longer a regular judge of that court, yet as the parties voluntarily proceeded to a hearing before him and accepted his decision as the action of the court, such acceptance was equivalent to a recognition of him as a judge *pro tem.*, and precludes the parties from thereafter questioning his decision on the ground that he was not the regular judge, and had not been selected and sworn as judge *pro tem.* (*Higby v. Ayres*, 14 Kas. 331.)

But beyond all these minor considerations, is that which is controlling with me. Where after final judgment and sen-

tence *habeas corpus* is prosecuted to relieve from such sentence, the proceeding is in no sense appellate for the purpose of reviewing errors, but collateral, and implies a challenge of jurisdiction. The rule may be different where a party seeks release after a commitment for trial, for there the proceeding is in the nature of an appeal, and for purposes of review. (*Gleason v. Comm'rs of McPherson Co.*, ante, p. 53.) So, looking upon this as simply a collateral challenge of the record of the district court, I think that record imports absolute verity, and cannot be overthrown by parol testimony.

I am aware that the doctrine of the assumed verity and conclusiveness of judicial records has been challenged oftentimes, and to a certain extent limited and restricted by the decisions of this court — notably in the cases of *Mastin v. Gray*, 19 Kas. 458, and *Phillips v. Thralls*, 26 id. 780. I differed from the majority of the court in both those cases; and yet while dissenting I have no disposition in any manner to question their binding force, or limit the extent of their application; but a marked difference exists between this case and either of those. In the first case there was no attempt to show that the action of the court was other than as appeared on the record, but it was held that that action was of no validity because the defendant had not been brought within the jurisdiction of the court, and that parol testimony was competent to show that no service had in fact been made, and that therefore no jurisdiction had attached. In the other case the proceedings were before an inferior court, a justice of the peace, and it was conceded on the face of the papers that his action was taken outside of the limits of his territorial jurisdiction. But it has not yet been decided by this court, and I think ought not to be, that where jurisdiction of the court of the person of the party is shown and unquestioned, the record evidence of what the court did may be set aside by parol testimony. Here, that the district court of Chase county had jurisdiction of the person of the defendant, is unquestioned. Now it seems to me incompetent to

show by parol testimony that it did not take the action which its journals show that it did. As between two parties a written contract is conclusive as to the terms of their agreement, and can be overthrown only by proof of fraud or some similar matter. *A fortiori,* when a court has acquired jurisdiction the only competent evidence of what the court has done is its record, and that record ·is conclusive as against any parol attack in a collateral proceeding. If once the door is thrown open to parol testimony of the action of a court of general jurisdiction, what limit can be placed? Suppose a judgment appears for one thousand dollars against a party, can he in a collateral attack show that the court directed judgment for only five hundred dollars? Can he, when the judgment reads for the plaintiff, prove by parol testimony that in fact the decision was for the defendant? And yet the doctrine claimed by petitioner would lead to exactly this result. When once you say that you may prove by parol that the record of the court is untrue, that the judgment which it recites was not in fact entered, you do away with all the protection which the old doctrine of the verity of judicial proceedings casts around the action of the court.

I think that so far as this court has gone, the limit is placed here: you may show that the court in fact had no jurisdiction, because no process has been served; but when once it is admitted that the court did have jurisdiction, then I think the only evidence which can be received of the action of the court is its record, and that that record is conclusive against parol attack in any collateral proceeding. Suppose it be true that by fraud of a clerk an entry is interpolated improperly into the records of a court: of course such action would be a grievous wrong, but the remedy of the party is an appeal to the court in which the record appears, to have that interpolation stricken out. So long as that court permits it to remain, other courts must treat it as the action of that court, and as conclusive upon the questions decided by it. (*Ellis v. Inhabitants of Madison,* 13 Me. 312.)

Entertaining these views, I am of opinion that the prayer of the petitioner must be denied, and he remanded to the custody of the sheriff. There is no hardship in this case, nothing which appeals to one's sense of justice, for everything that was done was done with the assent of the petitioner. This proceeding rests upon a mere naked technicality, and I am satisfied that public policy compels me to uphold the verity of the record, and to refuse to receive parol testimony to overthrow it.

The petition will be denied with costs, and the petitioner remanded to the custody of the sheriff.