## In the Matter of the Petition of F. H. MACKE *for a Writ of Habeas Corpus.*

1. COURT RECORDS; *Inadmissible Parol Testimony.* The records of a court import absolute verity; and where jurisdiction over the person is conceded, parol testimony is inadmissible in a collateral proceeding, to prove that what the record shows was done by the court was not in fact done.

2. SEVERAL COUNTS; *Jurisdiction of Justice.* A justice of the peace has jurisdiction to try a misdemeanor case although several counts, each charging a separate offense, are united in the same complaint, providing the offenses are all of the same general nature, and are each taken separately within the limits of his jurisdiction.

3. HABEAS CORPUS; *Valid Mittimus.* Where upon the trial of a complaint containing several counts the justice finds the defendant guilty on each count, and imposes a fine as to each count such as would be proper if the defendant had been tried upon that count separately, and no portion of the judgment has been satisfied, *held,* that although the aggregate of the fines exceeds five hundred dollars, a *mittimus* issued on such judgment and sentence is not void, and the defendant is not entitled to a discharge in *habeas corpus.*

### Appeal from Lyon District Court.

PETITION for a writ of *habeas corpus*, filed in the district court of Lyon county by *F. H. Macke* against T. L. Ryan as sheriff of that county. The writ was issued, and thereafter, on the 11th day of August, 1883, the matter was heard in the court aforesaid, and the petitioner remanded to the sheriff's custody. He appeals.

*I. E. Lambert,* for appellant.

*Buck & Feighan,* for respondent.

The opinion of the court was delivered by

BREWER, J.: This is a case in which an appeal has been taken to this court from an order of the district court of Lyon county, refusing to discharge the petitioner on *habeas corpus,* and remanding him to the custody of the sheriff. A motion has been filed by the respondent to dismiss, on the ground

that such an order can be reviewed, if reviewable at all, only by petition in error; but on the hearing of the case, counsel have waived this matter, desiring a decision on the merits.

The facts are these: A complaint was filed before a justice of the peace, charging defendant with the violation of the prohibitory law. This complaint contained thirteen counts, charging as many distinct offenses. The record of the justice shows a trial, testimony offered, and that defendant was found guilty on each count, and sentenced to pay a fine of one hundred dollars and costs on each count, or thirteen hundred dollars in the aggregate. Failing to pay, a mittimus was issued, and defendant arrested and committed to jail. Now petitioner claims that he was not present at any trial; that in fact none was had, and no testimony offered; but that his attorney consented to such an entry without any authority from him so to do, and for the sake of testing the jurisdiction of the justice and the legality of the proceedings. He offered testimony to prove this on the hearing of the *habeas corpus* in the district court, but it was rejected, the court holding the record of the justice conclusive.

The ruling of the district court in this respect was right. The record in judicial proceedings is the evidence of what was done, and cannot be overthrown in a collateral proceeding by parol testimony. (*In re Watson, Petitioner,* 30 Kas. 753.) It will be borne in mind that this is not a case in which the jurisdiction of the court over the person is challenged, or any attack made upon the service of process. Indeed, the petition filed in these proceedings distinctly alleges that the complaint was filed before the justice, a warrant issued, petitioner duly arrested thereon and brought before the justice; so that the petitioner, conceding jurisdiction over the person, was seeking in this collateral proceeding by parol testimony to prove that what the record of the court showed was done, was not in fact done. Judicial records are not thus overthrown.

Again, it is insisted that the justice had no jurisdiction to try, because of the joinder of thirteen counts in the complaint.

The contrary has already been decided. (*In re Donnelly, Petitioner, &c.,* 30 Kas. 191, 424.)

Whether the justice could impose a fine in the aggregate exceeding $500, the unquestioned limit of his jurisdiction as to any single offense, is a question not now before us. As the record disclosed, the defendant was found guilty upon each count, and upon each count sentenced to pay a fine of $100 and costs. It is not pretended that any part of the sentence has been complied with, so that even upon the authorities most favorable to the petitioner, he is legally in custody. (*People v. Liscomb,* 60 N. Y. 572; *People v. Baker,* 89 id. 467; *People v. Wolf,* 66 id. 10; *Ex parte Van Hagan,* 25 Ohio St. 426; *People v. Shattock,* 45 N. H. 211.)

The ruling of the district court will be affirmed.

All the Justices concurring.