[No. 20724.  In Bank. — December 12, 1890.]

## EX PARTE LIZZIE WILLIAMS, ON HABEAS CORPUS.

CONSTITUTIONAL LAW — HOUSE OF CORRECTION IN SAN FRANCISCO — LOCAL LEGISLATION — PUNISHMENT OF CRIME. — The act of 1878 providing for the sentencing of certain prisoners convicted of felonies or misdemeanors in the city and county of San Francisco to the house of correction in said city and county, in the discretion of the court, is not special or local, either for the punishment of crimes or misdemeanors, or for regulating the practice of the courts of justice, and is not in conflict with section 25, article 4, of the constitution.

ID. — JURISDICTION OF SUPERIOR COURT OF SAN FRANCISCO. — The superior court of the city and county of San Francisco is the constitutional successor of the municipal criminal court of the city and county of San Francisco, as respects all cases of felony formerly committed to the jurisdiction of that court, and it is its province and right, as the successor of the municipal criminal court, to sentence to the house of correction persons convicted of felony in said city and county who are of the same class as might have been placed therein by the municipal criminal court under the act to establish the house of correction.

ID. — CONSTRUCTION OF STATUTE. — The power of the superior court to sentence a defendant convicted of felony in the city and county of San Francisco to the house of correction therein, under the terms of the act of 1878, is not affected by the act of 1885 "to provide for the commitment of persons convicted of crime to the house of correction," which relates only to minor offenses, punishable by imprisonment in the county jail, without regard to age.

ID. — AGE OF PRISONER CONVICTED OF FELONY — PRESUMPTION — HABEAS CORPUS. — Where the record is silent as to the age of a prisoner committed to the house of correction upon conviction of a felony, the court must be presumed to have discharged its duty in ascertaining the fact that the prisoner was under twenty-five years of age at the date of judg-

ment; and whether the finding be evidenced by the record or by the pre-
-sumption of law, its correctness can only be reviewed upon appeal under
a bill of exceptions, and cannot be inquired into upon *habeas corpus.*

APPLICATION to the Supreme Court for the discharge of
the petitioner upon a writ of *habeas corpus.* The facts are
stated in the opinion of the court.

*N. S. Wirt,* for Petitioner.

The COURT.—In this case, by leave of the court, an
amended petition was filed after the decision which was
filed July 24, 1890, and on such amended petition the
petitioner was permitted to reargue the case on the ques-
tion of the constitutionality of the act of 1878, under
which petitioner was sentenced to the house of correc-
tion.

After a patient hearing and investigation, we deem it
necessary only to add to that which was said in our for-
mer opinion, that in our judgment the act is not in con-
flict with section 25, article 4, of the constitution. It is
not special or local, either for the punishment of crimes
or misdemeanors, or regulating the practice of courts of
justice. The laws for the punishment of crimes and
misdemeanors are uniform throughout the state, in the
matter of determining what is a felony and what a mis-
demeanor, and the legal consequences flowing from the
conviction of either. They are uniform in prescribing
the punishment of imprisonment (when such punish-
ment is allowed at all) for each of the several offenses
for which that punishment is provided. This act does
not change the punishment or the degree of the crime.
All that it does is to authorize the court in San Fran-
cisco, in its discretion, to cause the punishment to be
inflicted in one place, instead of either of two or three
others where it might be done. If the legislature has no
power to authorize courts to do this, then it is powerless
to provide for imprisonment for felony in more than one
place in the state. We find no such limitation upon the

power of the legislature in the premises. If, as is claimed in argument, the imprisonment must be in a state prison, in order to be equal and uniform, then there must be but one state prison; for if more than one, even though the government and discipline in all be the same, it would be impossible that the climatic and other conditions would be the same, and hence the conditions of punishment would be unlike. Such cannot be the meaning of the constitution or the law. It is the *fact* of imprisonment, and the labor during confinement, and the civil consequences that attach to the conviction, that constitute the punishment, and not the place where the imprisonment is carried out.

Nor is the act one regulating the practice in courts of justice. Practice is that course of proceeding by which the investigation is had and the judgment reached. When reached, the place and manner of executing the judgment (it being uniform in character with other judgments in like cases) is subject to legislative discretion; and the legislature may prescribe that all judgments, upon conviction for felony, shall be executed in one place, or that those in different parts of the state may be executed in different places, or having prescribed different places for such purposes, it may, as it has, leave it to the discretion of the court in each instance to determine in which of them the judgment shall be executed.

Let the writ be discharged, and the prisoner remanded.

The following is the former opinion above referred to, rendered in Bank on the 24th of July, 1890:—

Fox, J. — Lizzie Williams, on whose behalf this proceeding is taken, was convicted in the superior court of the city and county of San Francisco of grand larceny, and on the eighteenth day of October, 1889, was by the court committed to the house of correction for the period of two years, where she has ever since been and now is

confined in pursuance of said judgment and commit-ment.

1. The first point made on this hearing is, that the prisoner was over twenty-five years of age at the time of the pronouncing of the judgment, by reason whereof the court had no jurisdiction to sentence her to confinement in the house of correction.

Whether a prisoner is or is not over twenty-five years of age is a question of fact to be determined by the court giving the judgment, at or before the time of pronouncing the same. If it should appear affirmatively, from the record, that the court found the prisoner to be over twenty-five years of age, then we should be compelled to hold, on the face of the record, that a judgment of confinement in the house of correction was void. What we should deem it our duty to do with the prisoner in such case, there being a valid conviction, but no judgment, it will be sufficient to determine when the question arises; it does not arise in this case.

If the record was silent on the subject of age, it being a case where written findings are not required, the presumption would be, that the court had done its duty, and found the fact to be such as to warrant the judgment given.

In this case, a certified copy of the judgment is brought up and offered in evidence, and it appears upon the face thereof that the court found the prisoner to be under the age of twenty-five years. Whether the finding be evidenced by the record or by the presumption of law, its correctness cannot be inquired into in this court upon *habeas corpus.* If the court erred in its finding, the error can only be reviewed upon appeal, the evidence and the rulings of the court being brought up on bill of exceptions.

2. The next point insisted upon is, that no court, except the police court, has jurisdiction to sentence any person to confinement in the house of correction.

This point is not well taken. Before the adoption of the present constitution, by the act entitled "An act in relation to the house of correction of the city and county of San Francisco" (Stats. 1878–79, p. 953), the city criminal court, or the municipal criminal court of the city and county, was authorized in any case where a prisoner, upon conviction, might be sentenced to imprisonment in the county jail or in the state prison, instead thereof to sentence such person to imprisonment in the house of correction, provided that no person should be so sent to the house of correction who was over twenty-five years of age. Upon the adoption of the constitution, by section 3, article 22, thereof, all the courts of the state theretofore existing, except justices' and police courts, were abolished; but the power of the state, through the judicial department of its government, to punish for public offenses was not thereby lost. All the laws of the state as to the measure and mode of punishment, not inconsistent with the constitution, and as to what should constitute public offenses, remained in full force; jurisdiction to administer them being by proper constitutional and legislative enactment transferred to the new courts established by or under the constitution. By article 6, section 5, jurisdiction in all cases amounting to felony (of which this is one) was vested in the superior court. By operation of the constitution itself, therefore, the superior court became vested with jurisdiction in all cases of felony, and succeeded to all other courts which theretofore had possessed jurisdiction in such cases.

As the laws prescribing the mode and measure of punishment of felonies were not changed by the constitution, it was the duty and within the power of the superior court to administer those laws in the same manner and to the same extent as other courts theretofore had jurisdiction to do. For cases pending, in order that there should be no abatement or loss of jurisdiction,

it was deemed necessary to provide for the transfer of the causes, and the records thereof, from the old courts to the new, and this was done by section 3, article 22, of the constitution, and subsequently, and more in detail, by an act of the legislature passed for that special purpose, approved February 4, 1880. (Stats. 1880, p. 2.) By section 2 of that act it is expressly provided that the superior court shall for all purposes be the successor of (among others) the municipal criminal court and the city criminal court. It is claimed that this act, if construed as for any other purpose than to provide for the transfer of the records of and giving jurisdiction in pending cases, is void, because such other purpose is not expressed in the title of the act. It is unnecessary to discuss that contention here, for the reason, as we have already shown, that the constitution itself conferred the jurisdiction in all cases of felony, and it became the duty of the court upon which such jurisdiction was conferred to administer the laws as it found them until they were changed. See also *Shay* v. *Superior Court*, 57 Cal. 542, where it was expressly held that the superior court had succeeded "to all the powers and jurisdiction of the . . . . municipal criminal court."

3. It is further contended that even if the superior court once had power to sentence a defendant convicted of felony to confinement in the house of correction, it no longer has such power, by reason of the provisions of the act of March 9, 1885, entitled "An act to provide for the commitment of persons convicted of crime to the house of correction." (Stats. 1885, p. 34.) A careful examination of that act, however, will show that it does not in any manner affect the question of the power of the court to commit to the house of correction upon conviction for felony. It relates only to cases of minor offenses, where the punishment may be imprisonment in the county jail, and its effect is, in such cases, to take off the limitation of age, and allow the court to send persons

convicted of such offenses to the house of correction, without regard to age.

Writ discharged, and prisoner remanded.

BEATTY, C. J., SHARPSTEIN, J., and THORNTON, J., concurred.