### H. MATHIAS *et al.* v. ROSANNA COOK.
#### No. 8427.

NEW TRIAL—*Hearing Outside the County.* While the district court of one county has no jurisdiction to grant a new trial in an action pending in another county in the same district, the fact that a motion for a new trial is argued before the judge at a place outside the county, by agreement of the parties, and his decision thereon announced, will not invalidate an order afterward duly made and entered by the district court of the county in which the action was tried granting such new trial.

*Error from Pawnee District Court.*
*Hon. S. W. Vandivert, Judge.*

AFFIRMED.                              OPINION FILED JUNE 6, 1896.

*C. N. Sterry,* and *W. H. Vernon,* for plaintiffs in error.

*W. R. Brown, G. Polk Cline,* and *Fred Dumont Smith,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : This was an action brought by Rosanna Cook against H. Mathias and F. J. Mathias to recover judgment on certain promissory notes. The case was tried by the court without a jury, and a judgment was rendered in favor of the defendants. Plaintiff

filed a motion for a new trial, which was continued by consent of both parties to be heard at Kinsley, in Edwards county, on the 28th day of January, 1892. The record shows that both parties appeared, and that the motion was argued on the 6th day of February, 1892, and a new trial granted. The order granting the new trial was entered on the journal of the district court of Pawnee county as an order of that court, and the contention here is that it is, in fact, an order of the district court of Edwards county, made without jurisdiction, and erroneous. Pawnee and Edwards counties are in the same judicial district, but it is argued that the district court is a court of the county, and that the fact that the same judge presides in both counties does not confer any jurisdiction on the district court of Edwards county to hear a motion in a case pending in Pawnee county. With this contention we agree. But does the record show that the order we are called upon to review is an order made by the district court of Edwards county? The fact that the parties agree to and do argue a motion before the judge at a place outside the county cannot affect the power of the court to make a proper order within the county. (*In re Watson, Petitioner*, 30 Kan. 753.) The only order the plaintiff seeks to review in this case is an order of the district court of Pawnee county. We find no order of the district court of Edwards county in the record. The mere fact that the argument was had by consent at Kinsley, or even that the conclusion of the court was announced at Kinsley, does not necessarily invalidate the order. The journal entry brought to this court shows that the district court of Pawnee county granted a new trial. It had jurisdiction and power to do so. Its order, and not

any order of the district court of Edwards county, is brought here for review, and no other ground of error is alleged than that the proceedings were had in Edwards county. We find nothing in the record to show that the order granting the new trial was not in fact made by the district court of Pawnee county, as stated in the journal entry.

The order of the court is affirmed.

All the Justices concurring.