## *In re* SIM BROWN.

### No. 12,125.    (64 Pac. 76.)

HABEAS CORPUS— *Question of Jurisdiction Waived.*    The petitioner was arraigned and tried upon a charge of felony in a court of competent jurisdiction, found guilty, and imprisoned in the penitentiary.    He now claims that such imprisonment is illegal, for the reason that the act creating the court before which he had his preliminary examination was unconstitutional.    This question was not raised by him in the trial court.    *Held,* that he has waived his right to raise it upon an application for a writ of *habeas corpus.*

Original proceeding in *habeas corpus.*    Opinion filed March 9, 1901.    *In banc.*    Petitioner remanded.

*L. C. Waters*, and *Waters & Waters*, for petitioner.

*A. A. Godard*, attorney-general, and *J. S. West*, for respondent.

The opinion of the court was delivered by

CUNNINGHAM, J. : This is an application for a writ of *habeas corpus*. The petition for the writ shows the following facts : On July 5, 1900, the petitioner was arrested on a warrant issued from "the court of Coffeyville." The warrant issued on a complaint charging the petitioner with having committed the offense of burglary and grand larceny. Being brought before the court on July 6, he requested that the case be continued until July 10, which was done. On that date he appeared in court with his attorney, and, after "being fully advised, he demanded a preliminary examination." On such examination the state introduced its evidence and the petitioner offered no evidence, but filed his motion in writing, requesting the court to dismiss the case and discharge him, alleging as grounds therefor that the court had no jurisdiction of the case, for the reason that the act creating it was unconstitutional, being in contravention of section 1, article 12, of the constitution of the state of Kansas. This motion was by the court overruled. Upon examination, probable cause to believe the petitioner guilty was found, and, in default of bond, he was remanded to the jail of Montgomery county. At the November term of the Montgomery county district court the trial of the complainant came on and he pleaded not guilty. Upon trial by jury he was found guilty as charged, and afterward filed his motion for a new trial, but at no stage of the proceed-

ings in the district court did he raise the question of the constitutionality of the act creating the court of Coffeyville or the legality of his preliminary examination. The motion for a new trial was overruled, and the petitioner was sentenced to imprisonment in the state penitentiary for the term of two years. This constitutes the illegal detention of which he complains.

In this court he seeks to raise the question whether the court of Coffeyville was constitutionally created, citing several authorities in support of his contention that it was not, and, as subsidiary thereto, whether he had had a preliminary examination. We think, however, that complainant is too late with his contention. Having submitted himself to the jurisdiction of the district court of Montgomery county on the trial of the offense charged, without raising the question of the legality of his preliminary examination, he may not in this proceeding raise that question. We do not lose sight of the principle announced in the case of *In re Dill, Petitioner*, 32 Kan. 668, 15 Pac. 39, that if the court rendering judgment was without authority to render it, or if the court had exceeded its authority in rendering its judgment, the petitioner might be discharged under a writ of *habeas corpus*, but in the case at bar the district court had full authority to render the judgment it did.

It will be held that the petitioner, by submitting to trial in that court without raising the question of the legality of his preliminary examination, waived his right to such an examination and cannot now be heard to complain. This is in accordance with the provisions of paragraph 4785 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 96, § 91; Gen. Stat 1899, § 4975), and

with the uniform holdings of this court thereunder. We do not intend to decide by this opinion that the court of Coffeyville was or was not constitutionally created.

The petitioner will be remanded.