## *In re* W. H. TERRY, *Petitioner.*

### No. 14,327. (80 Pac. 586.)

#### SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Jurisdiction. Habeas corpus* will not lie to inquire into the legality of a warrant or commitment issued from a court of competent jurisdiction before final trial and judgment.

2. PRACTICE, JUSTICE'S COURT—*Postponement of Sentence.* The fact that a justice of the peace postpones for a brief time the sentence of one who has pleaded guilty to a criminal charge in his court does not defeat his jurisdiction, nor deprive him of power to render judgment upon the plea of guilty.

3. HABEAS CORPUS—*Extent of Inquiry—Collateral Attacks.* A judgment of conviction, valid on its face, rendered by a court that has jurisdiction of the defendant and of the offense charged, cannot be opened up in a *habeas corpus* proceeding; nor can it be shown that the offense of which the defendant was convicted was committed in a county other than the one named in the charge; nor will irregularities in the trial, or informalities in the docket entries of the justice, justify a discharge of the defendant in such a proceeding.

Original proceeding in *habeas corpus.* Opinion filed April 8, 1905. Petitioner remanded.

*Chris Ritter,* and *W. D. Cope,* for petitioner.

*C. C. Coleman,* attorney-general, and *Burton E. Clifford,* county attorney, for respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: Upon a complaint that W. H. Terry and Ida Langvardt, both married, but not to each other, had lasciviously cohabited with each other in Allen county, both were arrested in Labette county and brought before the justice of the peace in Allen county who issued the warrant. The action taken by the justice of the peace is indicated by the following entry:

"May 17, 1904, by agreement of all parties the pris-

*In re* Terry.

oners were brought into court and complaint distinctly read to them, and for pleas say they are guilty."

The court at once pronounced judgment as to Ida Langvardt and reserved his judgment as to Terry. The entry was:

"And as to W. H. Terry, the court will reserve judgment until nine o'clock A. M., May 18, 1904."

Following this is the entry:

"May 18, 1904—9 o'clock A. M.

"As W. H. Terry pleaded guilty to the charge in the complaint, the court, after due consideration, therefore orders and adjudges that the defendant W. H. Terry shall be confined in the jail of Allen county, Kansas, for a period of six months, together with the sum of $500 fine, to be paid to the state of Kansas, and the costs of the suit, taxed at $2.25, and in default thereof committed to the jail of Allen county, Kansas, until such fine and costs are paid."

While imprisoned under this sentence he appears to have broken jail; at least, he was arrested upon the charge of jail-breaking. Upon that charge he was given a preliminary examination and held for trial in the district court, bail being fixed at $300. The bail was not given, but he alleges that he offered to make a cash deposit in lieu of the bail required, which was not accepted. He then brought this proceeding, alleging that his restraint was illegal.

According to his own representations he is in custody upon a complaint charging jail-breaking. His trial upon the charge has not yet been had, but there is nothing to show that a speedy trial may not be had, in which the rightfulness of his arrest and the truth of the charge may be fully inquired into and determined. No attack is made upon the formality of the papers or the regularity of the proceedings as to jail-breaking. *Habeas corpus* may not be used to inquire into the legality of a warrant or commitment issued from a court of competent jurisdiction, upon an indictment or information, before final trial and judgment.

(*Ex parte Charles Phillips*, 7 Kan. 48; *In re Gray*, 64 id. 850, 68 Pac. 658.) There is no claim that the court in which the complaint for jail-breaking was filed, and which issued the commitment, was lacking in jurisdiction to hear and determine charges of that character.

The contention is that the conviction of adultery upon his plea of guilty was void, and, hence, that the commitment issued upon that judgment was illegal. He challenges the sufficiency of the proceedings and judgment as entered by the justice of the peace, and contends that the docket entry does not show that he was present and pleaded guilty to the charge. His name was not repeated in the particular recital as to arraignment and plea of guilty, but the entry is that the "prisoners" pleaded guilty. The prisoners referred to had been particularly named in the earlier part of the docket entry, and their identity was free from doubt.

It is next said that the recital that "they" pleaded guilty implies that there was no separate plea by the petitioner. The parties were jointly charged, and the recital in the judgment entered is not inconsistent with the theory that each of them separately responded and confessed guilt. This, however, is not a matter for consideration on *habeas corpus,* and would hardly constitute a substantial question upon an appeal. The record made fairly shows that he was brought into court with his codefendant, duly arraigned, that he formally entered a plea of guilty, and that the court took twenty-four hours to determine the measure of punishment to be administered.

There is a claim that as the sentence did not immediately follow the plea the court lost jurisdiction of the case and the power to render judgment. The governing statute provides that when a defendant is found guilty or enters a plea of guilty the court shall render judgment thereon. (Gen. Stat. 1901, § 5822.) There

is no command to render judgment forthwith, or immediately after the plea of guilty, and the court may therefore pronounce the judgment within a reasonable time in the due and orderly course of business. There was no indefinite suspension of sentence, but only a postponement of it until the following day. It is not uncommon, nor improper, for a court to defer sentence, either for the benefit of the defendant, who may be preparing to take an appeal, or in order that the court may learn the circumstances of palliation or aggravation surrounding the case and thus be better prepared to measure the punishment to be inflicted.

The objection that the record does not affirmatively show that the petitioner was personally present when judgment was rendered is not good on *habeas corpus.*

Testimony was offered in this proceeding tending to show that the petitioner was not guilty of the offense of which he was convicted; that it was in fact committed in a county other than the one named in the complaint. His plea of guilty was an acknowledgment of the charge made against him, and, even if this were an appeal, the inquiry would be limited to whether the facts charged constituted an offense and the sentence imposed was within the limits fixed by the statute. Certainly the judgment cannot be set aside and the case retried on *habeas corpus.*

No appeal was taken from the conviction. The judgment rendered on his conviction stands unreversed. The court rendering it had jurisdiction of the petitioner, and of the offense charged. On the face of the record the judgment appears to be valid. It cannot be opened up or the record of the proceedings in the court impeached by parol evidence in this collateral way.

"Where a party is held under process issued upon any final judgment of a court of competent jurisdiction, the inquiry in *habeas corpus* is limited to the question, Was the judgment void, or has it been stayed, superseded, or otherwise spent its force? No mere

errors or irregularities in the proceedings will justify a discharge." (*In re Rolfs, Petitioner,* 30 Kan. 758, 1 Pac. 532. See, also, *In re Watson, Petitioner,* 30 Kan. 753, 1 Pac. 775; *In re Macke, Petitioner,* 31 id. 54, 1 Pac. 785; *In re Brown,* 62 id. 648, 64 Pac. 76.)

The petitioner will be remanded.

All the Justices concurring.