*In re* Wallace.

---

## *In re* WALLACE, *Petitioner.*

No. 15,318   (89 Pac. 687.)

### SYLLABUS BY THE COURT.

1. JURISDICTION—*Question of Fact—Judgment Conclusive Evidence.*   Where the jurisdiction of the court depends upon a fact which the court is required to ascertain and decide its judgment determining that the fact does exist is conclusive evidence of jurisdiction until set aside or reversed by a direct proceeding.

2. HABEAS CORPUS—*Erroneous Judgment.*   No offender under sixteen years of age may be imprisoned in the state industrial reformatory, but where a judgment in the district court recites that the age of the defendant sentenced to that institution was found and decided to be more than sixteen years the adjudication of that fact, although erroneous, is not open to attack in a *habeas corpus* proceeding.

Original proceeding in *habeas corpus.*   Opinion filed March 9, 1907.   Writ denied.

*Biddle & Lardner,* for petitioner.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for respondent.

*In re* Wallace.

The opinion of the court was delivered by

JOHNSTON, C. J.:  Henry S. Wallace petitions the court for the release of his son from imprisonment in the state industrial reformatory.  He alleges that on August 9, 1906, Russell Arthur Wallace was adjudged by the district court of Miami county to be confined in the reformatory when he was in fact less than fifteen years of age; that the judgment was given upon a plea of guilty, without inquiry as to his son's age; and that his son was carried to the reformatory without the knowledge of the petitioner.  It is contended that the court had no jurisdiction to sentence any person under sixteen years of age to the reformatory, and that, the sentence being void, E. E. Marshall, superintendent of the reformatory, has no authority to restrain the young man.  In his return to the writ the superintendent sets up the judgment and commitment under which Wallace is held, which, after setting forth that Wallace and another entered a plea of guilty upon a charge of burglary and larceny, recites that "whereupon it is made to appear to the court that said defendants are between the ages of sixteen (16) and twenty-five (25) years, and have never heretofore been convicted of any offense punishable by confinement in the state penitentiary, etc."  There was a further recital that the court then proceeded to sentence them to the reformatory until discharged by the board of managers, but not to exceed the term of five years, the maximum punishment provided by statute for the crime of which they had been convicted.

Upon the hearing the petitioner offered to prove that the young man was under sixteen years of age when the sentence was pronounced, but the state objected, and contended that in *habeas corpus* the judgment of the district court was conclusive; that the matter of age had been the subject of inquiry in the district court, where it was determined that the de-

28—75 KAN.

fendants were over sixteen years of age; and that the decision, even if it was erroneous, cannot be reviewed or made the subject of inquiry in this collateral proceeding.

This proceeding is no more than a collateral challenge of a record of the district court. That record discloses that the question of the age of the prisoner was heard and decided by the court. The record imports absolute verity, and cannot be overthrown by parol testimony or impeached from without. If a mistake was made in deciding the question of fact it can only be corrected upon an appeal. The jurisdiction of the court and the legality of the sentence are open to inquiry in *habeas corpus,* and if it appeared from the face of the record that Wallace was less than sixteen years of age the sentence would be illegal and he would be entitled to a discharge in this proceeding. On the face of the record the judgment appears to be valid. It has been held that "where a party is held under process issued on any final judgment of a court of competent jurisdiction the inquiry in *habeas corpus* is limited to the question, Was the judgment void, or has it been stayed, superseded, or otherwise spent its force?" (*In re Rolfs, Petitioner,* 30 Kan. 758, 759, 1 Pac. 523. See, also, *In re Watson, Petitioner,* 30 Kan. 753, 1 Pac. 775; *In re Macke, Petitioner,* 31 Kan. 54, 1 Pac. 785; *In re Brown,* 62 Kan. 648, 64 Pac. 78; *In re Terry,* 71 Kan. 362, 80 Pac. 586.)

It is urged that no offender under sixteen years of age can be imprisoned in the state industrial reformatory, and therefore that no court had power to sentence Wallace to this institution. It is true, as counsel contend, that under the act establishing juvenile courts delinquent children under sixteen years of age may never be committed to the state industrial reformatory. (Laws 1905, ch. 190.) This beneficent act is an exercise of the parental power of the state, the purpose being the care, custody and discipline of

delinquent children in a manner approximating as nearly as may be proper parental care and control, and it was not intended that they should be treated or punished as criminals.   The court is disposed to give the act a liberal construction, with a view of carrying out its salutary purpose, but an examination of its provisions will show that it does not purport to extend the scope of inquiry in *habeas corpus* nor to destroy the conclusive effect of final judgments.

In a final judgment of a court of general jurisdiction it has been decided that young Wallace was more than sixteen years old.   The matter of his age was a jurisdictional fact, and it was also a litigated fact. When Wallace was brought before the court the first question for consideration was whether he was over or under sixteen years of age.   The act establishing a juvenile court itself provides for such an inquiry. It declares that if one under sixteen years of age shall have been arrested and taken before a judge of a court it shall be the duty of the judge to transfer the case to the juvenile court.   (Laws 1905, ch. 190, § 11.)   In another section it is provided that an appeal may be taken from an order made by the juvenile court to the district court, and, further, that "in all cases of felony the judge of the juvenile court may remand the person apprehended to the district or county court for trial."   (Laws 1905, ch. 190, § 12.)   When Wallace was brought before the district court it became necessary for the court to ascertain and decide whether he should be held for trial in that court or transferred to the juvenile court.   The adjudication of that litigated fact is just as conclusive as any other involved in the judgment, and cannot be set aside except in a direct proceeding.

The general rule is that when a court passes upon a question of fact which it has a right to determine its erroneous decision of the question is not open to collateral attack.   It has been held that where jurisdiction of a court depends upon a finding of a particular

fact the exercise of jurisdiction implies the finding of that fact. (*Thornton v. Baker,* 15 R. I. 553, 10 Atl. 617, 2 Am. St. Rep. 925.) No implication need be indulged here, as there was an express finding of the fact upon which jurisdiction rests. Where jurisdiction depends on a fact that is litigated in a suit, and is adjudicated in favor of a party who avers jurisdiction, then the question of jurisdiction is judicially decided and the judgment record is conclusive evidence of jurisdiction until set aside or reversed by a direct proceeding. (*Bloom v. Burdick,* 1 Hill [N. Y.] 130, 138, 37 Am. Dec. 299.)

In California it was held that where the service of a particular process was necessary to give a court jurisdiction the determination of such court that the process had been served is not open to collateral attack. In the syllabus of the case it was stated that "when jurisdiction depends upon litigated facts an adjudication of the court that the requisite facts exist is conclusive evidence of jurisdiction until vacated or set aside in a direct proceeding, and cannot be contradicted upon a collateral attack." (*Ex parte Sternes,* 77 Cal. 156, 19 Pac. 275, 11 Am. St. Rep. 251. See, also, *The State v. Page,* 60 Kan. 664, 57 Pac. 514; *Matter of Charles Mason,* 8 Mich. 70; *Ex parte Williams,* 87 Cal. 78, 24 Pac. 602, 25 Pac. 248; *Ex parte Kaufman,* 73 Mo. 588; 21 Cyc. 326; 2 Freeman, Judg., 4th ed., § 619.)

If a mistake was made in the matter of determining the age of Wallace it could have been cured in the first instance by the district court, or upon denial there it could have been corrected on appeal to this court. Counsel say that the petitioner did not learn of the plight of his son until the time for review had passed, and that if he had been given an opportunity he could have shown beyond question that at the time of the judgment the boy was not fifteen years old. If this can be satisfactorily shown it furnishes sufficient ground for the exercise of executive clemency,

but it would not justify the court in reviewing and reversing a final judgment by means of the writ of *habeas corpus.*

The writ is denied, and the prisoner remanded.