No. 28,127.

HOWARD BROCKWAY, *Appellee*, v. W. H. WAGNER et al., *Appellants*.

(268 Pac. 96.)

Opinion filed June 9, 1928.

*William A. Smith,* attorney-general, *Roland Boynton, Leon W. Lundblade,* assistant attorneys-general, *W. H. Wagner,* county attorney, and *Herman Long,* of Wakeeney, for the appellants.

*A. J. Wiles,* of Hays, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover from Trego county and W. H. Wagner, former county attorney of that county, the sum of $933 for money had and received from plaintiff, procured from

him illegally and by duress, in the way of fines and costs paid by him in order to be relieved from imprisonment in the county jail of Trego county, which fines, costs and imprisonment were imposed by the county court of that county, and which, it is alleged, had no jurisdiction in the premises. The trial court overruled the demurrer of the defendants to the petition, and the defendants appeal from that ruling.

The petition alleges that plaintiff was arrested by the sheriff of Trego county for violation of the prohibitory liquor law on nine counts; that his real name was not contained in the ninth count, nor was the description of the premises to be searched and the day of the month when the complaint and warrant were signed; that after his arrest and the search and seizure, these blanks were filled and seven more counts were added to the complaint and warrant; that two prohibition agents committed assault and battery on him in the presence of the sheriff during the search being made of his premises, using abusive and threatening language; that no warrant was ever issued by any court for his arrest; that no opportunity was given him to furnish bond; that he was never brought before any court; that he was not permitted to read the pretended complaint and warrant; that he was not informed that he was to be put on trial for any offense, and was not put on trial; that he was not before any court; that the judge of the county court was in the office of the county attorney when the sheriff took the plaintiff there, still restraining him of his liberty, and while he was under illegal restraint, duress and intimidation, something was said about pleading guilty to one count, and he answered "Yes," at which time there was also something said about adding more counts; that no sentence or judgment was ever imposed upon or against him, nor any fine assessed by the county court; that he never learned of any such judgment until a month or more after his arrest, during which time he had been in the jail of Trego county; that the addition of his name in count nine and the description of his land were made with pen and ink, as well as the change of the number of the count from nine to sixteen; that he has since learned that he was found guilty by his plea of guilty to fourteen counts and fined $100 on each and costs in the sum of $427, which is a cloud on the title to his land; that he has paid $933 of such fines and costs in order to secure a parole from the district court of Trego county on the recommendation of the county attorney; that the costs are ex-

cessive and unreasonable; that the county court had no power or authority to render any judgment or penalty of any kind in excess of $500, or jail sentence of more than one year; that he is a man 47 years of age, not acquainted with court procedure or authority of officers, and, by reason of his ignorance in such matters and the unjust, illegal and oppressive advantage taken of him by the county officials and the county court, the pretended judgment is unjust, illegal and void, and he is entitled to a judgment for the return of the money paid by him on the fines and costs and for the removal of the cloud from the title to his land as to the balance of such judgment. These are substantially the allegations of the petition—set out at greater length than perhaps necessary, but enabling us to better consider the full import of it and determine if it states facts sufficient to constitute a cause of action against the county and county attorney.

There are three exhibits attached to the petition: (a) The complaint, consisting of 16 counts sworn to by the sheriff before the judge of the county court; (b) the warrant on the 16 counts, including the search warrant signed by the judge of the county court, and also including the return of the sheriff, showing the arrest of the defendant (plaintiff herein) and that he was produced into court, together with the stills, wash, mash, liquor, coils, jugs, etc., which he procured on the premises described in the warrant; (c) the journal entry of the county court, showing arraignment on 14 of the 16 counts for violation of the liquor law, his plea of guilty to these counts, the finding of guilt, the separate sentence and judgment on each of these 14 counts, and the $100 fine and 30 days in jail on each, except one, where the jail sentence was six months.

The plaintiff has entered a new and novel field of pleading without favoring us with a real precedent or parallel. It is an attempt to review the errors of a criminal case in a civil action. Appellants denominate it as an equitable action, while the appellee says that "the cause of action for the recovery of money is an action on the case for money had and received, and is a legal remedy," and that "the cause of action to quiet the title . . . is a statutory remedy." Without attempting, however, to determine how the action should be denominated, we prefer, for the purposes of this case, to accept the designation of the appellee, so as to give the fullest force and effect to the petition when attacked by a demurrer.

The petition presents unquestionably a collateral attack upon the judgment of the county court finding the defendant guilty, assessing fines and costs, and imposing jail sentences. Appellee cites *Swehla v. Malone,* 114 Kan. 712, 220 Pac. 299, as a case in point. We think it is, except that it was a habeas corpus case. It was there held that—

"The judgment of the police court was open to collateral attack for lack of jurisdiction and when its jurisdiction was challenged the absence of jurisdiction could be shown by extrinsic evidence." (Syl. ¶ 3.)

It was further held in the same case that—

"The juvenile court has exclusive jurisdiction to try all children under sixteen years of age for offenses charged to have been committed by them, and a judgment of conviction of the police court of a child under that age is absolutely void." (Syl. ¶ 1.)

In the case just cited, the police court was wholly without jurisdiction, and a collateral attack could properly be made. But compare this ruling with that in *In re Wallace,* 75 Kan. 432, 89 Pac. 687, where the same state of facts existed, and observe that the whole matter of collateral attack turns on the question of jurisdiction:

"Where the jurisdiction of the court depends upon a fact which the court is required to ascertain and decide its judgment determining that the fact does exist is conclusive evidence of jurisdiction until set aside or reversed by a direct proceeding.

"No offender under sixteen years of age may be imprisoned in the state industrial reformatory, but where a judgment in the district court recites that the age of the defendant sentenced to that institution was found and decided to be more than sixteen years the adjudication of that fact, although erroneous, is not open to attack in a habeas corpus proceeding." (Syl.)

Counsel for appellee says the rule is different with reference to the presumption as to jurisdiction where the court is inferior, as a police court or, as in this case, a county court, which is equivalent in criminal matters to the court of a justice of the peace. This distinction is clearly stated in the opinion in the Malone case, *supra,* on page 714, where it is said that the judgments of inferior courts are not aided by the presumption of verity and validity accorded to judgments of superior courts, but that judgments of superior courts may be impeached collaterally where there is a lack of jurisdiction, citing *Ewing v. Mallison,* 65 Kan. 484, 70 Pac. 369. Regardless of whether the court rendering the judgment was superior or inferior, the right to attack it collaterally depends wholly upon the jurisdiction of the court.

"A judgment rendered with jurisdiction can never be impeached in a collateral proceeding; but a judgment rendered without jurisdiction may. In fact, a judgment rendered without jurisdiction is no judgment at all." (*Mastin v. Gray*, 19 Kan. 458, 466. See, also, *State v. Simmons*, 39 Kan. 262, 18 Pac. 177.)

Appellee claims the county court was without jurisdiction because all the counts except the last charged felonies, and, even if they were considered as charging misdemeanors, the aggregate of the fines imposed exceeded the $500 limit of the court's jurisdiction, and the total jail sentences exceeded one year. It has been held otherwise in this state—in one case where there were 20 separate counts. (*In re Donnelly, Petitioner, &c.*, 30 Kan. 424, 1 Pac. 778; *In re Macke, Petitioner*, 31 Kan. 54, 1 Pac. 785.) As to the counts of the complaint and warrant charging unlawful sales and possession of intoxicating liquor being felonies, we note that R. S. 21-2101 denominates such violations as misdemeanors, unless defendant has been previously convicted of a violation of the liquor law. (R. S. 21-2146.) There is no charge in the complaint or warrant in this case of a previous conviction of a violation of that law. (*State v. Shiffler*, 93 Kan. 618, 144 Pac. 845; *State v. Briggs*, 94 Kan. 92, 145 Pac. 866.)

It is contended that the act authorizing the creation of the county court is unconstitutional, being in violation of the United States constitution and of sections 10, 15 and 18 of the bill of rights. In the absence of citations to help us to this conclusion, we shall for the present consider the law as valid.

Many, if not all, of the remaining allegations of the petition can be classed as errors, irregularities and wrongs which cannot and do not go to the jurisdictional question, and therefore have either been waived by the plea of guilty and the request for and acceptance of a parol or can be classed as matters of defense, and are not grounds for a collateral attack on the judgment rendered.

"And a plea to the jurisdiction should be overruled where it did not properly challenge the jurisdiction of the court, and where all that was set out in the plea was plainly a matter of defense which could be shown when the cause was tried on the merits." (16 C. J. 405.)

"The petitioner was arraigned and tried upon a charge of felony in a court of competent jurisdiction, found guilty, and imprisoned in the penitentiary. He now claims that such imprisonment is illegal, for the reason that the act creating the court before which he had his preliminary examination was unconstitutional. This question was not raised by him in the trial court. *Held*,

that he has waived his right to raise it upon an application for a writ of habeas corpus." (*In re Brown,* 62 Kan. 648, syl., 64 Pac. 76.)

"A plea of guilty waives any defect not jurisdictional, and which may be taken advantage of by motion to quash or by plea in abatement." (16 C. J. 403.)

"On trial by consent by the court without a jury, failure to arraign has been held not to constitute reversible error." (16 C. J. 388.)

"The personal presence of the defendant during a trial for misdemeanor is not absolutely required." (*State v. Baxter,* 41 Kan. 516, syl. ¶ 2, 21 Pac. 650.)

"In a prosecution for a misdemeanor the failure to arraign defendant is not an omission which will entitle him to a new trial or require a reversal." (*State v. Forner,* 75 Kan. 423, syl., 89 Pac. 674. See, also, *State v. Jennings,* 24 Kan. 642, 654; *The City of Salina v. Cooper,* 45 Kan. 12, 25 Pac. 233.)

We conclude that unless the county court failed to have jurisdiction of the subject matter or of the defendant the judgment rendered by it was not void and therefore cannot be attacked collaterally; and, as the allegations of the petition, if taken as true, do not show a want of jurisdiction, the judgment at most is voidable and cannot be attacked in an action of this kind.

The ruling on the demurrer is reversed and the cause remanded, with instructions to sustain the demurrer to the petition and to dismiss the cause.