No. 33,906

In the Matter of the Petition of MILES B. LIGHT for a Writ of Habeas Corpus.

(78 P. 2d 23)

Opinion filed April 9, 1938.

*A. M. Ebright, P. K. Smith,* both of Wichita, and *Harry O. Janicke,* of Winfield, for the petitioner.

*Earle N. Wright,* county attorney, and *George Templar,* of Arkansas City, for the respondent.

The opinion of the court was delivered by

ALLEN, J.: This is an original proceeding in habeas corpus. On January 31, 1938, a judgment was entered by the district court of Cowley county committing the petitioner, M. B. Light, to the state asylum for dangerous insane at Lansing, Kan. The habeas corpus proceedings now before us calls in question the validity of that judgment.

The petitioner, Miles B. Light, was arrested in 1936 and charged in ten counts with the crime of embezzlement. After a preliminary hearing in a justice court he was bound over for trial in the district court of Cowley county. In June, 1937, following the appointment of Judge Edgar Bennett, of Marysville, by the chief justice of this court, as judge pro tem, to try the case of *State of Kansas v. Miles B. Light,* that cause was proceeded with and a trial was held. After the cause was submitted to the jury, two jurors advised Judge Bennett that they had been approached with the offer of a bribe; thereupon the trial judge declared a mistrial, the cause was continued and the defendant continued to be at liberty under bond.

In December, 1937, Judge Bennett stated in writing to the clerk

of the district court of Cowley county that by reason of the press of business in his own judicial district he could not try the case of the *State of Kansas v. Light* during the January term. Thereupon the chief justice of this court, upon a proper showing and at the request of counsel for the state, appointed Judge John G. Somers, of Newton, as judge pro tem to try the case.

On January 10, 1938, Judge Somers assigned the case for trial on Monday, January 31. After adjournment of court on January 10, counsel for Light privately told Judge Somers that he expected to have a proceeding commenced in the probate court of Cowley county to inquire into the mental condition of the defendant Light. On January 10, 1938, an information signed by John S. Light, a son of the defendant, Miles B. Light, was filed in the probate court charging that the defendant was a distracted and feeble-minded person.; thereupon a commission was appointed by the probate court and a hearing was held by the commission so appointed. The commissioners found that Light was distracted, feeble-minded and confused. The probate court adopted the findings and found that Light was a feeble-minded, distracted and confused person, and appointed a guardian for his property, but not for his person. Counsel for the state refused to participate in the proceedings in the probate court.

On January 18, 1938, counsel for the state filed a motion in the district court suggesting that the defendant Light was mentally disabled and that he lacked mental capacity to comprehend his position or properly make his defense, and requested the district court to proceed at once in the manner prescribed by law to determine the mental condition of the defendant.

Thereafter Judge Somers made an order appointing a commission to inquire into the sanity of the defendant Light, and set the date for hearing January 21, 1938. Counsel for the defendant Light were duly notified of the time and place of the hearing and at the hearing the defendant Light appeared in person and by his counsel. On the date of the hearing, January 21, 1938, Judge Somers conducted a hearing in conformity with the provisions of our statute, G. S. 1935, 62-1531. The commission appointed by him heard the statements of several witnesses produced by counsel for Light, and the commission, assisted by Dr. D. V. Conwell, a psychiatrist of Halstead, who had been subpoenaed by Judge Somers, made a personal examination of Light and thereafter the commissioners made their report, finding

that the defendant Miles B. Light "was insane, incompetent to make his defense and unable to comprehend his position."

Thereafter the trial judge, upon due consideration, confirmed the report of the commission and entered judgment confirming the report of the commissioners and ordered and adjudged that the petitioner be committed to the state asylum for the dangerous insane at Lansing.

Attached to the petition is an agreed statement of facts setting forth the proceedings as above outlined, and other matters that may be referred to in the opinion.

In the agreed statement of facts it is stated:

"12. That at 3:30 p. m. on January 20, 1938, counsel for Miles B. Light was served with a copy of a court order made in chambers at Hutchinson, Reno county, Kansas (that Reno county, Kansas, is a part of the ninth judicial district and not a part of the nineteenth judicial district, which is comprised of Cowley county), appointing a commission composed of Doctors K. Armand Fischer, J. L. Wentworth and E. H. Clayton, all of Arkansas City, Kan.

"13. That on the morning of January 21, 1938, defendant Light and his counsel appeared in response to the order and advised the court that it was the defendant's understanding that there was to be only a hearing upon the motion on January 21, but that the hearing, as ordered, was proceeded with.

"16. That the defendant Light offered testimony on January 31 in support of his various motions to show that the report filed by the commission was not in truth and in fact the actual report and finding of the commission; that transcript of said offer is attached hereto as exhibit K.

"17. That the cause was continued from January 21, 1938, to January 31, 1938, for further hearing upon the report of commissioners, said date being the regular assigned trial date for said defendant.

"22. It is admitted that the defendant Light was not present with the commission which conducted the examination on January 21, 1938, except during such time as he was being examined by said commission."

Petitioner asserts that the order made and signed by the trial judge outside of Cowley county is void and all proceedings thereafter had are void for want of jurisdiction.

From the record it appears, and indeed it is not denied, that the court not only had jurisdiction of the subject matter and of the person of the defendant, but also authority to render the particular judgment that was entered. It is thoroughly established in this state that when the court which has rendered a judgment, had jurisdiction of the person and the subject matter, and the order or judgment which has been entered is of the character prescribed by law that habeas corpus will not lie for the release of a petitioner because of mere errors, irregularities and defects in the proceedings which do

not render it void. (*In re Bundy*, 144 Kan. 64, 58 P. 2d 80; *Cochran v. Simpson*, 143 Kan. 273, 53 P. 2d 502; *Levell v. Simpson*, 142 Kan. 892, 57 P. 2d 372; *In re Terry*, 71 Kan. 362, 80 Pac. 586.)

In *In re Owen*, 109 Kan. 695, 200 Pac. 1070, it was held that the supreme court will not discharge a petitioner on habeas corpus when the petitioner's cause is still pending and undetermined in such lower court and where all the objections to the validity of the proceedings may be urged before the court whose process has deprived him of his liberty and where all adverse rulings of the trial court can be reviewed, and, if erroneous, corrected on appeal.

An attack upon a judgment by habeas corpus is a collateral attack, and is subject to the rules restricting collateral attacks. (3 Freeman on Judgments, 5th ed., § 1546.) Thus in the case *In re Wallace*, 75 Kan. 432, 89 Pac. 687, it appeared that a boy had been sentenced to the reformatory. Under the law no offender under sixteen years of age could be imprisoned in the state reformatory. Upon the hearing the petitioner offered to prove that the young man was in fact under sixteen when the sentence was pronounced. It was urged that his age was a jurisdictional fact, and that, therefore, the judgment was void. In upholding the judgment it was said:

"This proceeding is no more than a collateral challenge of a record of the district court. That record discloses that the question of the age of the prisoner was heard and decided by the court. The record imports absolute verity, and cannot be overthrown by parol testimony or impeached from without. If a mistake was made in deciding the question of fact it can only be corrected upon an appeal. The jurisdiction of the court and the legality of the sentence are open to inquiry in habeas corpus, and if it appeared from the face of the record that Wallace was less than sixteen years of age the sentence would be illegal and he would be entitled to a discharge in this proceeding. On the face of the record the judgment appears to be valid. It has been held that 'where a party is held under process issued on any final judgment of a court of competent jurisdiction the inquiry in habeas corpus is limited to the question, Was the judgment void, or has it been stayed, superseded, or otherwise spent its force?' (*In re Rolfs, Petitioner*, 30 Kan. 758, 759, 1 Pac. 523. See, also, *In re Watson, Petitioner*, 30 Kan. 753, 1 Pac. 775; *In re Macke, Petitioner*, 31 Kan. 54, 1 Pac. 785; *In re Brown*, 62 Kan. 648, 64 Pac. 78; *In re Terry*, 71 Kan. 362, 80 Pac. 586.)"

In the case at bar the order appointing the commission to inquire into the sanity of the petitioner Light was made outside of the district. It appears that the petitioner Light was present in person and represented by his counsel at the hearing and that witnesses were introduced upon his behalf. It does not appear how the rights of

the petitioner were in any manner prejudiced. We think that at most this was a mere irregularity and that such irregularity did not render the proceedings void. (See *In re Watson,* supra.) The fact that the petitioner was not present during all of the proceedings is immaterial. In *In re Terry,* 71 Kan. 362, 365, 80 Pac. 586, it was stated that "the objection that the record does not affirmatively show that the petitioner was personally present when the judgment was rendered is not good on habeas corpus."

The petitioner asserts that the hearing before the probate court ousted the district court of jurisdiction. The language of the statute shows this contention to be without foundation, and besides the point has been directly passed upon by this court. In *State v. Gould,* 40 Kan. 258, 19 Pac. 739, it was held that proceedings in the probate court did not defeat jurisdiction of the district court.

Petitioner Light next contends that our statute, G. S. 1935, 62-1531, must be construed to permit the commitment and restraint only of those persons who should be restrained of their liberty for their own welfare or the safety of the public. Under our statute, G. S. 1935, 76-2460, the board of administration was directed to establish and maintain suitable buildings to be known as the "state asylum for the dangerous insane" for the purpose of holding in custody and caring for such insane persons, idiots, imbeciles and epileptics as may be committed thereto by the courts of criminal jurisdiction. As the petitioner herein was committed to this institution by a judgment of the district court upon a due and proper hearing, this objection must be ruled against the petitioner. The argument of the petitioner might be of persuasive force when addressed to the legislature. This court has no power to strike down the express command of the statute.

We have carefully examined all of the objections suggested by the petitioner and find them without substantial merit. The rights of the petitioner appear to have been carefully guarded in the proceedings in the trial court, and the writ must be denied. It is so ordered.