## THE STATE OF KANSAS v. ROBERT HETH.

### No. 11351.

1. PRACTICE, SUPREME COURT — *Filing of Transcript.* When a transcript in a criminal case is delivered to the clerk of the supreme court to be filed in that court, and is received by him for that purpose and retained in his custody among the records of the court, it will be deemed to be filed, although no indorsement of the filing is made thereon.

2. ASSAULT WITH DEADLY WEAPON — *Defective Verdict.* The defendant was charged with a violation of section 38 of the crimes act (Gen. Stat. 1897, ch. 100, § 39, Gen. Stat. 1889, ¶ 2159), and the verdict of the jury failed to show the degree of the offense of which the defendant was convicted. *Held* (following *The State v. O'Shea,* 59 Kan. 593, 53 Pac. 876), that the verdict is fatally defective.

3. PRACTICE, SUPREME COURT — *Incomplete Record.* Rulings upon the instructions of the court cannot be reviewed where the

record does not contain the testimony or any statement of what the testimony tended to prove.

4. PRACTICE, DISTRICT COURT—*Bill of Exceptions—Misconduct of Judge.* The trial judge is not justified in refusing to consider and allow a bill of exceptions containing a portion of the testimony or a statement of what it tended to prove because it was not a complete transcript of all the testimony in the case, nor because other official business was pressing for consideration.

5. PRACTICE, SUPREME COURT—*Contents of Transcript.* In most cases a full transcript of the testimony is unnecessary to the consideration of the questions raised. A brief and explicit statement of what is proved or offered to be proved is ordinarily sufficient and better practice, in most of the cases, than a recital of the evidence *in extenso.*

Appeal from Sedgwick district court; D. M. DALE, judge.  Opinion filed May 6, 1899.  Reversed.

*S. B. Amidon,* county attorney, and *J. F. Conly,* for The State.

*W. P. Campbell,* for appellant.

The opinion of the court was delivered by

JOHNSTON, J.: The appellant was charged with assaulting and wounding John Eddy Swartz with a deadly weapon, with the malicious intent to kill him. The information as drawn was intended to charge an offense under section 38 of the crimes act (Gen. Stat. 1897, ch. 100, § 39, Gen. Stat. 1889, ¶ 2159), which included offenses under other sections of the statute and of lower degrees. Conviction followed a trial, and the verdict of the jury simply found "the defendant guilty of an assault with intent to kill, as set forth in the information." Motions for a new trial and in arrest of judgment were overruled, and the judgment pronounced by the court was confinement in the penitentiary at hard labor for a term of ten years. He appeals from this conviction, and the state raises a

36—60 KAN.

question as to the sufficiency of the appeal, claiming
that it was not taken in due time. The judgment
was rendered on December 24, 1896, and the tran-
script of the record was delivered to and received by
the clerk of the supreme court on August 4, 1898. A
question having arisen between the clerk and the ap-
pellant as to the payment of the required docket fee,
the case was not docketed, nor was an indorsement
of the filing made upon the transcript. It was re-
ceived and retained, however, by the clerk, and sub-
sequently, when the docket fee was paid, an entry of
that fact was made, and the transcript was indorsed,
"Filed as of date August 4, 1898." The entry and
indorsement were made on January 12, 1899, more
than two years after the judgment was rendered.

An appeal must be taken within two years after
judgment is rendered and it is not perfected until the
transcript of the case is filed in the court. It is also
essential that the transcript be filed within thirty days
after the appeal is taken. (Gen. Stat. 1897, ch. 83,
§ 31; Gen. Stat. 1889, ¶ 5346.) If the appeal was
completed when the transcript was delivered to and
accepted by the clerk, it is in good time. On the other
hand, if the indorsement of filing on the transcript is
to be regarded as the completion of the appeal, it was
too late and without avail. It is important, therefore,
to determine what constitutes the filing of the tran-
script within the meaning of the statute. We think
it is something more than placing file marks or an in-
dorsement upon the transcript. In *Wilkinson v. Elliott*,
43 Kan. 590, 23 Pac. 614, it was held that the placing
of a paper in the custody of the clerk, to be kept on
file, subject to inspection by all interested parties,
was a sufficient filing. In *Rathburn v. Hamilton*, 53
Kan. 470, 37 Pac. 20, it was remarked : "A paper is

said to be filed when it is delivered to the proper officer and by him received to be kept on file. The mere indorsement upon the paper of the time of filing it by the county clerk is not an essential act of filing. It is a mere memorandum of the time of filing and not the filing itself.'' See also 1 Bouv. Law Dict. 782.

Ordinarily, we look to the indorsement to ascertain when a paper or document is filed, but it is not the only evidence of the filing. The docket fee required by the rules of the court should have been paid, and the clerk might have refused to have received the transcript until the fee was paid. Instead of that, he took the transcript into his custody and retained it among the records of the court. It was delivered to the clerk with a view of completing the appeal, and was received and kept by him as a permanent record of the court. Under the authorities, this must be deemed to be a sufficient filing and a valid completion of the appeal.

The first contention on the merits is that the verdict is insufficient to sustain the judgment. There are several degrees of the offense charged against the appellant, and the verdict fails to show the degree of which he is convicted. Under the ruling in *The State v. O'Shea*, 59 Kan. 593, 53 Pac. 876, and the cases cited, this is a fatal error which compels a reversal of the judgment. On behalf of the appellant, it is suggested that the case should be sent back for a correction of the sentence, and not for a new trial. He claims that the verdict is sufficiently specific to warrant a sentence for a misdemeanor, under section 41, chapter 100, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2164), and asks that the case be remanded for that purpose. The fault of the verdict is that it does not specify the degree of the offense of which

they found the appellant guilty. The charge, as we have seen, embraced several degrees or offenses, and the verdict merely found him guilty as charged. Under section 239, chapter 102, General Statutes of 1897 ( Gen. Stat. 1889, ¶ 5307 ), the jury are expressly required in such cases to specify in their verdict of what degree of the offense they find the defendant guilty. From the terms of the verdict in the present case, we cannot say that the jury intended to specify any particular degree or to find the defendant guilty of a misdemeanor. Failing in this respect, the verdict is fatally defective and the court should have declined to receive it.

We are asked to consider the rulings of the court in giving and refusing instructions. The record includes the charge of the court, as well as the instructions which were asked by the defendant and refused by the court, but as the record contains none of the evidence or any statement of what the testimony tended to prove, the errors assigned are not available. These rulings might have been reviewed if the testimony, or portions of it, or a statement of what the testimony tended to prove, had been saved in the bill of exceptions.

Three futile attempts were made by the appellant to have bills of exceptions, containing more or less of the testimony, allowed and signed by the trial judge. The judge refused to allow and sign them because they did not contain all the evidence given at the trial, nor all of the evidence upon the material issues in the case ; and further, that they did not contain the statement of defendant's counsel outlining his defense to the jury. The judge insisted, if the evidence was to be taken up, that a full transcript of the stenographer's notes should be prepared and presented to him,

and that the stenographer was ready to furnish a transcript of his notes upon the payment by the defendant of the legal fees of the stenographer. The appellant, who was unable to pay the fees for a complete transcript, prepared a summary of the testimony in one bill, with a view of raising a question upon the instructions. Another bill contained a fuller recital of the testimony ; and another appears to be quite a full report of the testimony of all the witnesses. The court, however, declined to sign any of them, stating that the press of official business made it impossible for him to compare the statements of evidence in the bills of exceptions with the. stenographic notes, or otherwise determine whether they contained a true statement of the evidence purported to be set out. None of the reasons given appears to us to be sufficient grounds for the refusal of the judge to allow and sign the exceptions. No duty is more .imperative and important than the consideration and allowance of exceptions prepared and presented by a litigant, and no good reason is seen why other official business should have precedence over the duty mentioned. The other duties, however pressing, should not be allowed to prevent the consideration of exceptions prepared and presented in behalf of one who has been convicted of a felony and condemned to imprisonment at hard labor.

The objection that a complete transcript of the testimony was not presented is not good. The law does not require any more of the testimony than is necessary to explain and fairly to present the exception. (Gen. Stat. 1897, ch. 95, § 311; Gen. Stat. 1889, ¶ 4396.) In most cases a full transcript of the testimony is a needless waste of time and money. A brief and explicit statement of what is proved or offered to be proved is better practice in most cases than a re-

cital of the evidence *in extenso*. In the absence of all the testimony, the appellant would not be entitled to have a determination of the question whether the testimony sustained the verdict; but rulings on the admission of testimony and upon the instructions given and refused may be made without a recital of all the testimony. The records of the court are frequently extended and unnecessarily encumbered by a *verbatim* report of all the questions and answers, including objections and rulings, upon which no point is made. The substance of the testimony is generally sufficient, and this carries out the theory of the code that so much of the evidence as is necessary to explain the point shall be given and no more, ''and the whole as briefly as possible.'' (Gen. Stat. 1897, ch. 95, § 311; Gen. Stat. 1889, ¶ 4396.) The trial judge was not required to determine whether the exceptions presented contained all of the testimony, but only whether that presented was true. What questions are raised and can be considered on the exceptions preserved is for the reviewing court to decide.

. The judgment of the district court will be reversed and the cause remanded for another trial.