THE CITY OF EUDORA v. LOTHAR HARTIG, *Executor,*
*etc.,* et al.

No. 13,546.    (75 Pac. 1113.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Vacation of Streets by County Com-
missioners.* By chapter 190, Laws of 1877 (Gen. Stat. 1889, ch.
115), power was conferred upon the county commissioners to vacate
streets and alleys embraced within the corporate limits of cities
of the first, second or third class.

Error from Douglas district court; C. A. SMART,
judge. Opinion filed March 12, 1904. Affirmed.

*Bishop & Mitchell,* for plaintiff in error.

*Brownell & Poehler,* and *George J. Barker,* for defend-
ants in error.

The opinion of the court was delivered by

GREENE, J.: This action was brought by Peter A.
Hartig to restrain the city of Eudora, a city of the
third class, Charles Albright, street commissioner,
and Frank Schaffer, marshal of said city, from enter-
ing upon the lands described in his petition and open-
ing streets and alleys thereon. All the lands described
in plaintiff's petition were once within the corporate
limits of the city of Eudora, and the streets in ques-
tion had been surveyed, platted and dedicated to the
public. After the rendition of the judgment Peter
A. Hartig died, and the cause was regularly revived
in the name of plaintiffs. The city prosecutes error.

Many exceptions were saved to the ruling of the
district court, and are urged here, but the decision of
one question will finally determine the rights of the
parties. Plaintiff in error contends that, while this
land was embraced within the corporate limits of the

city of Eudora, the commissioners of Douglas county vacated the streets and alleys which the city and its officers are about to open. Upon this question the court below made the following findings :

"On July 7, 1883, the plaintiff, with fifty-seven others, presented to the board of county commissioners of Douglas county, Kansas, a petition asking that body to vacate First street, between I and H streets ; Second street, between I and F streets ; Third street, between F and C streets ; D and E streets, between the Wakarusa and Kansas rivers ; also the alleys in blocks 102, 103, 104, 106, 109, 140, 141, 142, 174, 176, 177, and 210, which petition was granted by said board on August 6, 1883. All of said streets and alleys were embraced and included in the real estate in controversy. Said order of the board of county commissioners granting said petition has never been revoked or appealed from, except that about one year later the said board made an order revoking the first order. The last order was made without notice to any one. The said petition was presented and the order was made under and pursuant to chapter 115a of the Laws of 1885."

The city of Eudora contends that the commissioners had no power to vacate such streets and alleys, but that if they had, the order was afterward set aside ; that the commissioners had no authority to open streets or alleys in an incorporated city either by setting aside former orders vacating such streets or otherwise ; consequently, if the order of July 7, vacating the streets and alleys, was within the power of the commissioners, they could not thereafter annul or set it aside by any subsequent order. To ascertain whether the commissioners had power to vacate streets and alleys in such cities in 1883, reference must be had to the statute as it then existed. We find that chapter 108, General Statutes of 1868, conferred power upon the commissioners to vacate streets and alleys in

towns and villages; that chapter 26, Laws of 1869, is the first general charter act providing for the incorporation and government of cities of the third class, and by subdivision 34 of section 29 of that act, the power to vacate streets and alleys was conferred upon such cities in the following language: .

"To open, widen or otherwise improve or vacate any street, avenue, alley or lane within the limits of the city, and also to create, open and improve any new street, avenue, alley or lane."

This latter act was amended and revised. Chapter 108, General Statutes of 1868, was repealed by chapter 60, Laws of 1871. By section 55 of that act, power was conferred upon the mayor and council "to open, widen, extend or otherwise improve any street, avenue, alley or lane; to create, open and improve any new street, avenue, alley or lane; and also to annul, vacate or discontinue the same, whenever deemed necessary or expedient."

In 1876 the legislature enacted chapter 134, which is entitled "An act providing for the vacation of streets, alleys and other public reservations." Section 3 reads:

"Whenever it shall be desired to vacate any street, alley or other public reservation in any improved town site not embraced in any incorporated city, the person, persons or corporation so desiring shall give notice by advertising for six consecutive weeks in a weekly newspaper of general circulation in said town, that, at the next regular session of the county commissioners of the county in which such town is located, a petition will be presented to said commissioners praying the vacation of such street, alley or other public reservation, describing the same properly."

This section applies to improved town sites not embraced in any incorporated city. Under that act, the

commissioners had no power to vacate the streets and
alleys embraced in the corporate limits of the city of
Eudora.   In 1877, chapter 190, Laws of 1877, was en-
acted, which is entitled "An act providing for the
vacation of streets, alleys, and other public reserva-
tions."   Section 3 reads :

"Whenever it shall be desired to vacate any block,
lots, park, reservation, street or alley, or any part of
such block, park, reservation, street or alley, in any
improved town site, the person, persons or corporations
so desiring shall give notice by advertisement, for four
consecutive weeks, in a weekly newspaper of general
circulation in said town, that at the next regular ses-
sion of the county commissioners of the county in
which such town is located, a petition will be pre-
sented to said commissioners praying the vacation of
such blocks, lots, park, reservation, street, alley, or
any part of such block, park, lots, reservation, street
or alley, describing the same properly."

By this act, which omits the clause "not embraced
in any incorporated city," found in chapter 134, Laws
of 1876, the commissioners are granted the power to
vacate the streets and alleys in any improved town
site.   The only difference between chapter 134, Laws
of 1876; and chapter 190, Laws of 1877, is the omis-
sion from the latter of the clause "not embraced in
any incorporated city."   It appears that the latter act
was passed expressly to confer upon the commission-
ers power to vacate streets and alleys in any incor-
porated town site, whether such streets and alleys are
embraced in the corporate limits of a city or other-
wise.   This is the only construction that can be given
these statutes which offers any reason for the enact-
ment of the act of 1877.   In support of this conten-
tion, chapter 66, Laws of 1893, seems applicable.
Section 1 reads :

"Where any town site, or portion of a town site,

containing more than five acres, has been heretofore vacated by the board of county commissioners or by act of the legislature, and such town site, or a portion of a town site, is a part of a city of the first, second, or third class, and included within the corporate limits of such municipal corporation, then, from and after the passage of this act, the town site, or portion of a town site containing more than five acres, thus vacated, shall no longer be a part of such municipal corporation, nor included in the corporate limits thereof.''

The legislature evidently was of the opinion that the commissioners had at some time possessed the power to vacate streets and alleys embraced within the corporate limits of a city ; otherwise it would not have inserted the clause removing from the corporate limits of cities territory in which the commissioners had previously vacated streets and alleys.

In 1897 the legislature enacted chapter 267 (Gen. Stat. 1901, ch. 115). This act conferred such jurisdiction upon the district court, but did not repeal either the act of 1871 or the act of 1877. Neither the act of 1871, which conferred upon cities of the third class power to vacate streets and alleys, the act of 1877, which conferred such power upon the commissioners, nor the act of 1897, which conferred the same power upon the district court, is exclusive. Since all of these acts stand, it must follow that each tribunal named may exercise such power when called upon. The legislature may confer such power upon as many different tribunals as it may deem expedient, and any of such tribunals may exercise such jurisdiction.

In *Baldwin v. Green*, 10 Mo. 410, an action was brought against Baldwin for a failure to work the roads over which Green was overseer. The only question presented was, Did the act incorporating

Platte City divest the county court of Platte county of its jurisdiction over that part of the road lying within the corporate limits of the town? The act of incorporation contained an enumeration of powers vested in the board of trustees. In the syllabus it was said :

"An act incorporating a town and vesting the authorities of the town with certain powers does not divest the state or county courts of powers vested in them by a general law, unless the act of incorporation declares the powers vested in the corporation to be exclusive."

In *Hornaday v. The State*, 63 Kan. 499, 503, 65 Pac. 656, in speaking of the same power being conferred upon two different bodies of trustees, the court said :

"We can see no good reason why the trustees for the different asylums, commonly known as the state board of charities, should not be given power to condemn lands necessary for the erection of buildings for institutions, the care of which comes within their jurisdiction. The conferring of such power is a matter of legislative discretion, which may be exercised by lodging the same in any number of boards or tribunals authorized to act in behalf of the state. In the statute authorizing the condemnation of lands for railway purposes two methods for determining the value are provided, one by the board of county commissioners acting as appraisers, and the other by three commissioners selected by the district judge."

In the case of *Shoemaker v. Brown*, 10 Kan. 383, 392, it was said :

"It is a general rule that a mere grant of jurisdiction to a particular court, without words of exclusion as to other courts previously possessing the like powers, will only have the effect of constituting the former a court of concurrent jurisdiction with the latter."

In the *City of Ottawa v. Rohrbaugh*, 42 Kan. 253, 21 Pac. 1061, this court construed section 3 of the act of

1877 to apply to tracts of land surveyed and subdivided into lots and blocks by streets and alleys which had never been improved by occupancy or buildings or had been only partially improved, but not to such extent as would authorize the organization of a city, town, or village, and where there existed no corporate authority. We have no doubt of the power of the commissioners to vacate streets and alleys situated as described in that opinion. But, as heretofore said, the act of 1877 was passed expressly to amend that provision of the act of 1876, and to confer upon the commissioners the power to vacate streets and alleys in any incorporated town site, whether within or without the corporate limits of a city. This construction gives force and effect to both acts. We are of the opinion that if the attention of the learned judge who wrote that opinion had been called to those particular provisions of the two acts, the decision in that case would have been otherwise. It was within the power of the board of county commissioners to make the order of July 7, 1883, vacating the streets and alleys in the city of Eudora.

The judgment of the district court is affirmed.

All the Justices concurring.