No. 19,355.

G. L. GUTHRIE, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ATCHISON and G. E. HANNA, *Appellees.*

No. 19,356.

MARY G. WHITE and W. F. GUTHRIE, *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ATCHISON et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. HIGHWAY—*Road Regularly Laid Out—Defective Record of Proceedings.* Where a proper road petition is filed with the county clerk, a bond given and approved, viewers appointed, public notice given, personal notice given, the road viewed, recommended by the viewers, and ordered established by the board of county commissioners, the road is regularly laid out, although the record of the proceedings may be defective.

2. SAME—*Owners of Land Absent from County—Service of Notice on Agent.* Personal service of notice is not required upon owners through whose land a road is to be established, when those owners can not be served in the county because of continued absence therefrom, although their permanent place of residence may be within the county.

3. SAME—*Service of Notice on Tenant in Common in Charge of Land, Sufficient.* A tenant in common of real property, who looks after the lands belonging to himself and his cotenants, who are his brothers and sister, rents the lands, collects the rent, pays current expenses and the taxes thereon, is such an agent as is contemplated in section 7277 of the General Statutes of 1909, when service of the notice required by that statute can not be personally made on the other owners of the land, because of their absence from the county.

Appeals from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed March 6, 1915. Affirmed.

*W. F. Guthrie,* of Kansas City, Mo., for the appellants.

*T. A. Moxcey,* and *Charles J. Conlon,* both of Atchison, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is a consolidation of two actions, numbers 19,355 and 19,356. The first is an appeal from the order of the board of county commissioners granting and allowing a change of location of a public road. The second, number 19,356, is an injunction action to prevent the opening of the same road. The two actions were tried together in the district court, and are consolidated here. Judgment was rendered in favor of the board of county commissioners in each case.

There are two principal contentions made by the plaintiffs. The first is that the board of county commissioners was without jurisdiction to establish the road, because of defective proceedings. The second is that W. W. Guthrie was not the agent of the parties interested in the property affected, so as to bind them by any notice that might be given him, or by any steps that he might take, or any appearance that he might make.

The petition for the change of this road was filed October 12, 1912, and was in proper form, signed by the required number of householders, and sworn to by the principal petitioner. A bond such as is required by law was signed on the same day, and approved by the board of county commissioners on the 7th day of November, 1912. No appointment of viewers appears of record, but there is among the files an affidavit dated December 28, 1912, with three signatures, stating that the affiants were appointed viewers on November 7, 1912. There appears in the files a "report of surveyor" and a "report of view of road," the report of the viewers being dated December 28, 1912. No question is made as to the sufficiency of the last two documents. A road notice was published by the county clerk in substantial compliance with the law, except that the time fixed for viewing the road was thirty-two days after the second publication of the notice. This notice fixed the time to view the road as December 28, 1912. This notice was

published for six consecutive weeks, the first publication being on November 19, and the last on December 24, 1912. A copy of this publication notice was posted in the office of the county clerk from November 19, 1912, to January 6, 1913; and another copy of the notice was publicly posted at Haxamy Garden, in Shannon township, twenty days prior to the date of viewing the road. It seems that no record of such notice had been entered on the journal by the county clerk at the time these actions were commenced. Written notice was served on W. W. Guthrie, agent. Affidavit of service of this notice was made on the 14th day of December, 1912. There is among the files a "separate report as to assessment of damages," dated December 28, 1912, signed by the viewers, addressed to the board, and reciting that they "assess damages as follows: In favor of W. F. Guthrie, executor estate of W. W. Guthrie, deceased, owner, $172.50." It appears that a loose sheet was among the files, showing that the road was granted as petitioned for. No notice was served on any of the parties complaining.

The county clerk's journal of commissioners' meeting shows that the county engineer was instructed to stake and lay out the road. The notice to W. W. Guthrie, agent, found among the files, appears to be to W. W. Guthrie, agent for Julia F. Guthrie, owner and in possession, etc. To this is attached a copy of the published road notice, and the following claim for damages:

"To the viewers of road as petitioned for by G. E. Hanna and others: Referring to the above notification, I hereby make claim and application for damages and compensation in the sum of $150 per acre for land that may be taken Dollars, ($172.50) in the event that said proposed road is located and established on the line between Sec. 2 & 3; 10 & 11, Twp. 6, Range 20, said proposed location causing an appropriation of One & 15/100 acres of said land at $150 per acre equal One Hundred Seventy Two & 50/100 Dollars. ($172.50)

W. F. GUTHRIE, *Executor*
*Estate W. W. Guthrie, deceased, owner.*"

Most of the documents mentioned appear without filing marks. It is not necessary that a document filed have indorsed thereon a statement showing that it was filed. Delivery to the proper officer and his receiving the same, to be kept on file, is all that is necessary. (*Wilkinson v. Elliott,* 43 Kan. 590, 595, 23 Pac. 614; *Rathburn v. Hamilton,* 53 Kan. 470, 474, 37 Pac. 20: *The State v. Heth,* 60 Kan. 560, 562, 57 Pac. 20.)

What are the necessary steps, without the taking of which a public highway can not be laid out? The first of these is the filing of a proper petition. The next is the publication and posting of the road notice. A third is giving the notice to the property owners, if residents of the county. Another may be said to be appointment of viewers and viewing and laying out the road. The last is the ordering of and establishing the road, by the board of county commissioners. Probably each of these steps is absolutely necessary. All of them were taken in this case.

1. The petition was in the form and signed by the persons required by law. Bond was given and approved. Viewers were appointed, and notice of the time and place of their meeting was published, the first publication of which was on the 19th day of November, and the last on the 24th day of December, 1912. Notice was posted in the office of the county clerk, and in a public place in Shannon township. Notice was also served on W. W. Guthrie, agent, but was not served on those complaining in this proceeding. The viewers met on the day named in the notice, December 28, 1912, viewed the road, recommended that it be laid out, assessed damages to the property owners, and filed their report with the county clerk. The county commissioners ordered the road established. W. W. Guthrie, purporting to represent those who complain in these actions, presented to the viewers a claim for damages in the sum of $172.50, which was allowed. The record of the proceedings of the board of county commissioners is defec-

tive, but the abstracts in this case disclose the fact that the commissioners had before them, and did, those things that were necessary for them to have and do, to give them jurisdiction and authority to lay out this road. When Mary G. White and W. F. Guthrie commenced their action against the board of county commissioners to enjoin them from laying out and opening the road, a temporary injunction was granted, enjoining them and the county clerk from making any further or more complete record concerning the road. It has not been shown that anything that should have been done was not done, unless notice should have been personally served on G. L. Guthrie.

2. What is the purpose of the notice provided for in section 7277 of the General Statutes of 1909? The object is to give the owner of the land notice that proceedings to take a part of his land for a public highway are in progress. If he does not reside in the county, and has no agent in the county, the statute does not provide for giving him notice, other than by publication. In such a case, by section 7278 of the General Statutes of 1909, he has twelve months after the location of the road in which to file an application for damages with the county commissioners, who shall determine the amount of damage sustained by him. Mary G. White and W. F. Guthrie resided outside the state of Kansas. G. L. Guthrie had his place of residence in Atchison, Kan., but had been personally absent from the county most of the time. He is an engineer, engaged in construction work in this and foreign countries. It does not appear that he was in Atchison county, Kansas, at the time these notices were served. Personal service of notice could not be had on these parties in Atchison county. That notice must be served on their agent, or not at all. Under these circumstances, it was not necessary that the parties here complaining be served with personal notice.

3. Was notice to W. W. Guthrie notice to these com-

plaining landowners? The complainants in these cases are children, and beneficiaries under the will, of W. W. Guthrie, deceased, and are tenants in common of the land affected by this road. W. W. Guthrie was the only one of the complainants who resided in Atchison, upon whom personal service of notice could be made in Atchison county. For a number of years he had been looking after the interests of his co-tenants, under the direction of W. F. Guthrie, who had been appointed especially to represent and look after the interests of his brothers and sister. W. W. Guthrie looked after the land, rented the same, collected the rent, paid the current expenses, and paid the taxes. He was such an agent as is contemplated in section 7277 of the General Statutes of 1909, upon whom service of notice should be made. Notice to him was notice to the plaintiffs, although, in the notice, there may have been a mistake in the names of those owning the property affected. It was then his duty to notify his principals of these proceedings.

The defendants contend that the plaintiffs have waived their right to complain, because of their appeal from the order and decision granting this road. We will not discuss this question, because, in our opinion, the road was legally laid out, although the record of the proceedings is defective.

The judgment is affirmed.