STATE OF MISSOURI, AT THE RELATION OF JOHN P. MOBERLY, PROSECUTING ATTORNEY OF SHANNON COUNTY, MISSOURI, v. E. P. DORIS, JUDGE OF THE CIRCUIT COURT OF SHANNON COUNTY, MISSOURI.*

Springfield Court of Appeals. September 28, 1928.

160

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 681, p. 372, n. 76; 17CJ, section 3356, p. 93, n. 26.

*John P. Moberly* for relator.

COX, P. J.—One Mary Stogsdill was convicted of a misdemeanor before Homer G. Chaffin, a justice of the peace in Shannon county and fined $1.00. Her attorney immediately informed the justice that she would appeal. An appeal bond was filed that day and the defendant, who seems to have lived some distance away, went home. The affidavit for appeal was not filed until twenty-one days later and the justice then refused to grant the appeal because the affidavit was not filed in time. Counsel for defendant then applied to the judge of the circuit court of Shannon county and secured a rule on the justice of the peace requiring him to allow and certify the appeal. In obedience to that rule the justice certified the appeal to the circuit court with a transcript of the proceedings before him. At the first term thereafter the prosecuting attorney filed a motion to dismiss the appeal on the ground that the affidavit for the appeal was not filed with the justice of the peace within the time required by law and for that reason the circuit court did not acquire jurisdiction of the subject-matter and could not try the case *de novo.* On the hearing upon this motion, the evidence heard, which respondent has certified to us as a part of his return, shows

that the justice was notified on the day of the trial that an appeal would be taken. The appeal bond was filed that day and the affidavit for appeal was filed twenty-one days thereafter. The only reason given for the affidavit for appeal not being filed sooner is found in the testimony of counsel for defendant which is substantially as follows: "At the close of the case and before I left the courthouse, I told the justice that Mrs. Stogsdill desired an appeal and that we would execute an appeal bond for her and that if the justice desired me to that I would be glad to prepare an affidavit in appeal. The justice appeared at my office shortly after and we executed an appeal bond. For the next six, eight or ten days I was out of town. On my return to town Mr. Chaffin, the justice of the peace, told me the affidavit for appeal in that case had not been filed. At that time I told him that as soon as Mrs. Stogsdill came to town that I would prepare it, get her signature and file the affidavit. I did not see Mrs. Stogsdill any more until the day the affidavit was filed and thought it was by mutual agreement and that there was no trouble about it until I found that Mr. Moberly, the prosecuting attorney, was trying to collect the fine and costs." Mr. Chaffin, the justice of the peace, testified that he thought the defendant had ten days in which to file an affidavit for appeal and that before the ten days expired, he called the attention of defendant's attorney to the fact that the ten days was nearly up and that the affidavit must be filed within the ten days.

The court overruled the motion to dismiss the appeal and was about to proceed to try the case *de novo* when this proceeding was instituted by the prosecuting attorney on behalf of the State.

It is apparent from the facts in this case that it was the intention of both defendant and her counsel to perfect an appeal from the judgment of conviction and the justice of the peace was notified of that fact immediately after the close of the trial. The justice of the peace was of the opinion that the appeal could be perfected by filing a proper affidavit within ten days. Counsel for defendant seems to have been of the opinion that when an appeal bond had been filed an affidavit for appeal could be filed at any time which suited the convenience of the defendant for when he was notified by the justice that the time was about to expire and the affidavit must be filed within ten days, he took no steps to secure it until his client came to town which happened to be twenty-one days after the trial. Every one is presumed to know the law and ignorance thereof does not excuse failure to comply with its mandates. The statute, section 3993, Revised Statutes 1919, provided that any person convicted before a justice of the peace may appeal to the circuit court or other court having jurisdiction "If he shall, immediately after judgment is rendered, file an affidavit stating that he is aggrieved by the verdict

and judgment in the case and that he does not make his appeal for vexation or delay . . ." There is also provision for bond to be filed but it is the filing of the affidavit that secures the appeal. An appeal may be taken without giving bond at all. The purpose of the bond is to secure to defendant his liberty pending the appeal and giving the bond has nothing to do with perfecting the appeal. That depends entirely on filing the affidavit for appeal. The statute requires that the affidavit be filed immediately. The term "immediately" as used in the statute does not mean ten days as is the provision in civil cases, nor does it mean at the convenience of the party, but it does mean "within such convenient time as is requisite for doing the thing." [St. Louis v. Gunning Co., 138 Mo. 347, 356, 39 S. W. 788.] Certainly twenty-one days under the facts in this case was not required or necessary to enable defendant or her counsel to prepare and file an affidavit for appeal. The delay appears not to have been caused by anything that necessarily deterred action but seems to have resulted solely from a misunderstanding of the law, and that excuse is never allowable.

The right of appeal is purely a statutory right and unless the statute is complied with the appellate court cannot acquire jurisdiction of the cause. The result in this case may work a hardship upon the defendant but we must adhere to the law regardless of the results in particular cases.

The affidavit for appeal being filed out of time, the circuit court did not acquire jurisdiction of the cause and has no jurisdiction to proceed with the trial.

The preliminary writ of prohibition is therefore made permanent. *Bradley* and *Bailey, JJ.*, concur.