No. 37,064

LUCIEN PINAIRE, *Petitioner*, v. EFFIE BEAVER, Superintendent of Industrial Farm for Women, *Respondent.*

(191 P. 2d 176)

Opinion filed March 25, 1948.

*Benjamin F. Endres,* of Leavenworth, was on the briefs for the petitioner.

*H. R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus.

Petitioner, Lucien Pinaire, is the husband of Ethel Pinaire who was committed to the state industrial farm for women by reason of being convicted in the city court of Leavenworth on the charge of drunkenness in a public place in violation of G. S. 1935, 21-2128. The sentence was entered pursuant to a plea of guilty on August 12, 1947.

We shall refer to the industrial farm for women as the penal institution.

According to the records of the penal institution Ethel Pinaire was received there at 3:20 p. m. of August 13, 1947. The return of the sheriff discloses she was delivered to that institution at 3:30 p. m. of August 13. At 3:30 p. m. of the same day an appeal bond was filed and approved in the city court. On the 15th of August a petition for a writ of habeas corpus was filed by Lucien Pinaire in this court to obtain the release of his wife. On the latter date this court ordered her release upon giving bond and directed her discharge from imprisonment until final disposition of the case or until further order of this court.

Issues were joined by the petition and the answer and return of respondent, the superintendent of the penal institution.

The fundamental question presented is the proper interpretation of pertinent portions of G. S. 1947 Supp. 63-401 which reads:

"The defendant shall have the right of appeal from any judgment of a justice of the peace imposing fine or imprisonment, or both, under this act, to the court having criminal jurisdiction of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment. No appeal shall be granted or proceedings stayed unless the appellant shall within ten days after the rendition of such judgment enter into a recognizance to the state of Kansas in a sum and with sureties to be fixed and approved by the justice before whom said proceedings were had, conditioned for his appearance at the district or criminal court of the county at the next term thereof, to answer the complaint against him."

Respondent contends the writ must be denied for the reason no appeal was taken *immediately* upon the rendition of judgment as required by the statute. Respondent argues that in order to save the right of appeal appellant must do two things. He must first announce an intention to appeal immediately upon rendition of judgment in order to stay proceedings on the judgment and, second, he must within ten days after judgment file the designated appeal bond. It is argued that unless the statute is so construed the various justices of the peace will be in constant doubt whether sentence is to be pronounced and execution is to issue thereon at the time of a verdict or a plea of guilty or whether they are required to wait ten days to determine whether the defendant will file an appeal bond.

A careful reading of this statute discloses nothing requiring a notice of appeal or an announcement of intention to appeal. The statute is entirely silent on those subjects. It speaks only of an appeal. Under it no right of appeal exists unless a recognizance is first entered into as therein provided. The appellant, however, is given ten days within which to file such recognizance. The statute provides:

"No appeal shall be granted . . . unless the appellant shall within ten days after the rendition of such judgment enter into a recognizance. . . ."

It, therefore, appears the legislature intended the appellant should have the right to appeal at any time within the ten-day period provided he files the necessary bond within that time.

From this interpretation it does not follow execution of sentence

cannot issue immediately upon rendition of judgment if the necessary appeal bond is not given. It does, however, follow if there has been an execution of the sentence the appellant may nevertheless appeal and be released from confinement upon the filing of the required bond within ten days from rendition of judgment.

Respondent refers to the history of the statute citing Territorial Statutes of 1855, ch. 94, § 15; Territorial Laws of 1859, ch. 86, § 15; Laws of 1867, ch. 49, §§ 4, 5; G. S. 1868, ch. 83, art. IV, § 21, and states the last mentioned statute remained the same until amended in 1941 when the time within which the bond could be filed was changed from twenty-four hours to ten days.

A review of that history helps little, if any, in construing the present statute unless it be the fact that the laws of 1867 omitted a previous provision which, in addition to filing a bond, required the filing of an affidavit on the date judgment was rendered stating the appellant ". . . verily believes himself aggrieved by the verdict and judgment. . . ." The requirement of such an affidavit has been omitted in all subsequent amendments. Its omission tends to indicate the legislature desired to eliminate a notice of appeal or an announcement of intention to appeal and to recognize only an actual appeal. The only substantial change since the law of 1868 is to extend the time for appeal and the posting of a bond from twenty-four hours to ten days, it apparently being the belief of the legislature that twenty-four hours was too short a period for that purpose.

Respondent leans heavily on *State, ex rel., v. Doris*, 223 Mo. App. 159, 9 S. W. 2d 820. The decisions of the supreme court of that state are entitled to and always receive our studious consideration. That fact is well reflected in numerous decisions of this court. The Doris case, however, is based on a Missouri statute quite dissimilar to our own present statute. Appeals under the Missouri statute are perfected by filing the statutory affidavit. The giving of a bond has nothing to do with perfecting the appeal. The only purpose of the bond under the Missouri statute is to secure the defendant his liberty pending the appeal. Our statute, on the other hand, expressly provides no appeal shall be granted unless the designated bond is filed.

Respondent directs attention to our own decisions in civil cases in which the word "immediately" has been interpreted to mean

that nothing intervenes. (*Williams v. Campbell*, 84 Kan. 46, 113 Pac. 800; *Packing Co. v. Insurance Co.*, 94 Kan. 630, 146 Pac. 1175.) He argues the legislature intended the word "immediately" should be so interpreted in this statute. Respondent contends the word should at least be interpreted to mean such convenient time as is reasonably necessary for perfecting the appeal, citing *State v. Clevenger*, 20 Mo. App. 626; *State, ex rel., v. Doris*, supra. We probably would have no great difficulty so construing the word "immediately," standing alone, but we find it impossible to so interpret the word when the same statute requires the filing of a bond to perfect an appeal and grants ten days within which to file it.

Respondent further argues the writ must be denied for the reason defendant was committed to the penal institution prior to the posting of the appeal bond, her sentence has not been served and in habeas corpus proceedings this court cannot inquire into the legality of the judgment and commitment, citing G. S. 1935, 60-2213; *State, ex rel., v. Piper*, 103 Kan. 794, 176 Pac. 626; *In re Light*, 147 Kan. 657, 78 P. 2d 23; *Parks v. Amrine*, 154 Kan. 168, 117 P. 2d 586; *State v. Carte*, 157 Kan. 139, 138 P. 2d 429.

In the first place the sheriff's return shows the defendant was received at the penal institution at precisely the same minute the appeal bond was filed in the city court. In any event irrespective of whether the defendant was delivered to the penal institution precisely at the time the appeal bond was filed or whether she was delivered prior thereto we are not now inquiring into the legality of the judgment of conviction, sentence or commitment as such. We are not declaring any of them to be void. The defendant may be required to serve her entire sentence in due time pursuant to the judgment and sentence. All we now say is that defendant has the right of appeal to test the validity of the judgment pursuant to which she was sentenced and committed when the necessary appeal bond was filed within the statutory period. The bond secures her liberty pending the determination of the appeal.

The writ is allowed.

WEDELL, J. (dissenting): I concede the statute involved is not as clear as it should be. Our problem nevertheless is to ascertain the legislative intent. I agree the statute contains no provision for merely indicating an intention to appeal and that it recognizes only an actual appeal. It does seem clear to me, however, that the law-

makers intended some immediate action should be taken upon rendition of judgment to save the right of appeal and to stay execution of the sentence. Manifestly the immediate action required was not the filing of the appeal bond because the lawmakers allowed ten days to do that. We, therefore, have for consideration the provision requiring some immediate action to stay all further proceedings upon the judgment and also the provision allowing ten days to file a bond.

What is the thing the lawmakers intended should be done immediately upon rendition of judgment in order to stay all further proceedings? The statute states that thing is the taking of an appeal. It says ". . . which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment."

So, according to the statute, the taking of such appeal immediately stays the execution of sentence.

We next come to the strange wording in the statute, to wit: *"No appeal shall be granted* or proceedings stayed unless the *appellant* shall within ten days after the rendition of such judgment enter into a recognizance. . . ."* (Emphasis supplied.)

It will be observed the statute at that point for the first time employs, not the words "the defendant" as previously, but the words "the appellant" indicating the lawmakers were now talking about an appeal which had been taken. It seems to me the words "No appeal shall be granted" must be construed to have been intended to mean the appeal should fail unless the bond were filed within ten days from the rendition of judgment. So construed this last provision is in harmony with the previous requirement that an appeal must be taken immediately upon rendition of judgment. If construed otherwise the requirement of an immediate appeal is completely nullified and becomes entirely meaningless.

While as first indicated the statute is not a model of clarity it does seem to me that what the lawmakers intended to do was to provide for the convicted person a speedy and simple means of staying execution of sentence by an appeal from the judgment. They then extended the time for filing the bond from twenty-four hours to ten days, apparently believing that the previous provision of twenty-four hours might be too short a time to supply the bond in some cases. I think they intended that if the necessary bond were not filed

within ten days the appeal should no longer be effective. Since no appeal *was* taken as required by the statute there is no appeal pending and the writ should be denied.

While we might believe more time should be allowed for an appeal that is a subject for legislative consideration and not for the courts. The legislature may have included the provision for immediate appeal believing it was to the advantage of the convicted person as otherwise he would be subject to commitment at once in the absence of ability to make bond immediately.