No. 46,562

CITY OF OVERLAND PARK, KANSAS, *Appellee,* v. CHARLES T. NIKIAS, *Appellant,* District Court No. 6771, and CITY OF OVERLAND PARK, KANSAS, *Appellee,* v. GEORGE R. HOFFMAN, *Appellant,* District Court No. 6635

(498 P. 2d 56)

Opinion filed June 10, 1972.

*John Hensel,* of Shankel, Gilman, Falkenberg, Rainey and Hensel, of Overland Park, argued the cause, and *David R. Gilman,* of the same firm, was with him on the brief for the appellants.

*Sheldon M. Crossette,* city prosecutor, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: These consolidated appeals present the single question of whether K. S. A. 1970 Supp. 22-3609 (2), effective July 1, 1970, requires a written notice of appeal to be filed in a municipal court to perfect a criminal appeal to the district court.

The appellant, Charles T. Nikias, was convicted on January 13, 1971, in the Municipal Court of the City of Overland Park, Kansas, of violating city ordinances. A bond of recognizance was posted conditioned upon the appellant's appearance in the District Court

of Johnson County, Kansas, on the first day of the next term to answer the complaint of the city for violation of the ordinances, to abide the orders of said court and to not depart without leave.

The appellant, George R. Hoffmann, was convicted on September 16, 1970, in the same municipal court of violating a traffic ordinance. A similar bond of recognizance was posted.

Each bond was posted on the day judgment of conviction was entered. The nature of the offenses has no bearing upon the question raised in this court. Neither appellant filed a written notice of appeal in the municipal court. In each case the municipal judge certified the complaint, the bond of recognizance and the journal entry of conviction to the district court. Motions to dismiss the attempted appeals were filed and both appeals were dismissed for failure to file a written notice of appeal in the municipal court pursuant to K. S. A. 1970 Supp. 22-3609 (2). As previously noted this statute became effective on July 1, 1970, and these appellants were convicted shortly thereafter. The two cases were consolidated for the purpose of this appeal since both present a single question to be decided herein.

K. S. A. 1970 Supp. 22-3609 provides:

"**Appeals to district court.** (1) The defendant shall have the right to appeal to the district court of the county from any judgment of a court of limited jurisdiction which adjudges the defendant guilty of a violation of the laws of Kansas or the ordinances of any municipality of Kansas and imposes a sentence of fine or confinement or both. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken by filing a notice of appeal in the court where the judgment appealed from was rendered. No appeal shall be taken more than 10 days after the date of the judgment appealed from.

"(3) The magistrate whose judgment is appealed from, or the clerk of such court, if there be one shall certify the complaint, warrant and any appearance bond to the district court of the county on or before the next court day of such district court occurring more than ten (10) days after the appeal."

This section has since been amended in minor particulars not mentioned by the parties. The amendment is not deemed important to a determination of the question presented here. The section standing alone appears clear and unambiguous. Sub-section (1) provides for appeals to the district court from any judgment of guilt in the violation of the ordinances of any municipality of Kansas. The section thus applies to the appeals in this case. Sub-section (2) provides that an appeal to the district court shall be taken "by filing a notice of appeal." It further provides that no appeal shall

be taken more than 10 days after judgment. Sub-section (3) directs when an appeal is taken the complaint, warrant and any appearance bond be certified to the district court within a specified time.

Prior to the effective date of the new statute appeals from justice of peace courts and from municipal courts of first, second and third class cities were taken by filing a bond of recognizance. K. S. A. 63-401 (relating to justice of peace courts), K. S. A. 13-611 (relating to municipal courts of first class cities), K. S. A. 14-815 (relating to municipal courts of second class cities) and K. S. A. 15-515 (relating to municipal courts of third class cities) contained no requirement that a written notice of appeal be filed. These statutes all contained similar wording. Prior to July 1, 1970, an appeal from the municipal court of Overland Park (a first class city) would have been controlled by K. S. A. 13-611, which provides:

"In all cases before the police court, an appeal may be taken by the defendant to the district court in and for the county in which said city is situated; but no appeal shall be allowed unless such defendant shall, within ten days after such conviction, enter into a recognizance, with sufficient security, to be approved by the court, conditioned for his appearance at the district court of the county at the next term thereof to answer the complaint against him."

It is noted that this statute does not say what steps are actually required to perfect an appeal. It merely says an appeal may be taken but no appeal shall be allowed unless the defendant enters into a recognizance within ten days. The nature and conditions of the required recognizance are set forth.

In construing the appeal statute relating to justice of peace court appeals this court in *Pinaire v. Beaver,* 164 Kan. 593, 191 P. 2d 176, stated:

"A careful reading of this statute [G. S. 1947 Supp. 63-401] discloses nothing requiring a notice of appeal or an announcement of intention to appeal. The statute is entirely silent on those subjects. It speaks only of an appeal. Under it no right of appeal exists unless a recognizance is first entered into as therein provided. . . ." (p. 594.)

The same observation is equally applicable to K. S. A. 13-611, now under consideration. The court held in *Pinaire* no notice of appeal was required. K. S. A. 13-611 is a counterpart of the statute construed in *Pinaire*. It follows that prior to July 1, 1970, no notice of appeal would have been required under K. S. A. 13-611 to perfect an appeal from a judgment of conviction in the municipal court of a first class city. The statute then in effect was entirely silent on the subject of filing a notice of appeal.

When the legislature enacted K. S. A. 1970 Supp. 22-3609 as a part of the new Kansas Code of Criminal Procedure, K. S. A. 13-611 was permitted to remain on the statute books in full force and effect. We are now confronted with the problem of construing these two statutes to determine the intention of the legislature.

Rules of statutory construction are aids to the court in arriving at the legislative intent. We should continue, if possible, to give effect to K. S. A. 13-611, for it is a well-settled rule that the law does not favor repeals by implication. In *Wolff v. Rife*, 140 Kan. 584, 38 P. 2d 102, this court said:

"Repeals by implication are not favored in the law, and a former act will be held to have been repealed by implication by a later act only when the later enactment is so repugnant to the provisions of the first act that both cannot be given force and effect." (Syl. ¶ 1.)

Statutes in *pari materia* should be read together and harmonized, if possible, to the end that all may be given force and effect. (*State v. Burney*, 194 Kan. 292, Syl. ¶ 3, 398 P. 2d 335; 50 Am. Jur., Statutes, § 348, p. 343.)

A primary rule for the construction of a statute is to find the legislative intent from its language, and where the language used is plain and unambiguous and also appropriate to an obvious purpose the court should follow the intent as expressed by the words used. (*Hand v. Board of Education*, 198 Kan. 460, Syl. ¶ 1, 426 P. 2d 124.)

Appellants point to the case of *Eudora v. Hartig*, 68 Kan. 742, 75 Pac. 1113 and argue that K. S. A. 13-611 and K. S. A. 1970 Supp. 22-3609 are mutually exclusive in that they provide two separate procedures for appeal, the former requiring only a bond and the latter requiring only a notice of appeal. The holding in *Hartig* relates to statutes providing for the vacation of city streets and is not persuasive here.

An examination of K. S. A. 13-611 indicates that the wording therein contained relates solely to a requirement for a recognizance or appearance bond when an appeal is taken from a municipal court's judgment. The new statute, K. S. A. 1970 Supp. 22-3609, in contrast, does not mention an appearance bond except in subsection (3) where provision is made for the magistrate or clerk to certify the complaint, warrant and any appearance bond to the district court when an appeal has been taken. If we hold each statute is to operate as a mutually exclusive method of taking an

appeal, as urged by appellants, no notice of appeal would be required if appeal is taken under K. S. A. 13-611. Likewise no recognizance would be required if appeal is taken under K. S. A. 1970 Supp. 22-3609 and, under sub-section (1), the appeal would stay all further proceedings upon the judgment leaving no control in the courts over a defendant. On the surface this would not seem reasonable.

As previously pointed out sub-section (2) speaks to the manner in which an appeal may be taken or perfected. It indicates an appeal shall be taken by "filing a notice of appeal". Appellants argue that the section does not mention a *written* notice of appeal and in this they are correct. They point out that in their cases the bonds of recognizance were filed in time and that the court from which the appeals were taken had notice of their desire to appeal. We do not question these facts. However, we are faced with a legislative intent expressed in sub-section (2) of the new statute. The legislature employed the phrase "by filing a notice of appeal". The word "file" contemplates the deposit of a writing with the proper official. (*State v. Heth,* 60 Kan. 560, 57 Pac. 108; *Rathburn v. Hamilton,* 53 Kan. 470, 37 Pac. 20.) See also K. S. A. 60-205 (*e*) where filing with the court is defined. The phrase "by filing a notice of appeal" as used in K. S. A. 1970 Supp. 22-3609 (2) is construed to require filing of a written notice of appeal.

In considering these separate statutory provisions we see no repugnancy between K. S. A. 13-611 and K. S. A. 1970 Supp. 22-3609 (2). They can be harmonized and both may be given force and effect. If this court were to accept appellant's position the provision in sub-section (2) of 22-3609 requiring a notice of appeal to be filed would be emasculated. We decline to do this for the two statutes can be read together and harmonized to the end that both may be given force and effect.

We note that K. S. A. 1970 Supp. 22-3609 was enacted as part of the Kansas Code of Criminal Procedure and that K. S. A. 1970 Supp. 22-2804 (3), which is part of the act, relates to release after conviction in courts of limited jurisdiction. The procedural requirements for release after conviction in 22-2804 (3) appear to be entirely consistent with the provisions of both 22-3609 and K. S. A. 13-611 if they are held to be complementary statutes.

The final argument of appellants is that the filing of a notice of appeal is not jurisdictional and that under the rationale of

*Ostler v. Nickel,* 196 Kan. 477, 413 P. 2d 303 and *Crouch v. Marrs,* 199 Kan. 387, 430 P. 2d 204, the district court should not have dismissed the present appeals. We have examined those cases and do not find them persuasive. A written notice of appeal was prepared and served in both cases and the procedural defects urged arose after notices of appeal were filed. The defects were held not of jurisdictional proportions.

When a notice of appeal is required by statute this court has consistently held that the failure to file or serve such notice is a jurisdictional defect depriving the appellate court of authority to proceed to hear the appeal. (See *State v. Shehi,* 185 Kan. 551, 345 P. 2d 684; *State v. King,* 191 Kan. 318, 380 P. 2d 325; and *Rainbow Color Film, Inc. v. Milgram Food Stores, Inc.,* 193 Kan. 168, 392 P. 2d 947.) We see no satisfactory reason why this rule does not apply in the present case for the present cases do not come within the rationale of *Ostler v. Nickel,* supra, or of *Crouch v. Marrs,* supra, and cannot be brought within the "mere irregularity" rule of *Alliance Mutual Casualty Co. v. Boston Insurance Co.,* 196 Kan. 323, 326, 411 P. 2d 616. The rule of the latter case does not come into effect unless notice of appeal has been filed and jurisdiction has attached. No notices of appeal were filed in our present case.

Therefore we are of the opinion that the filing of written notices of appeal as required by K. S. A. 1970 Supp. 22-3609 (2) was jurisdictional.

Accordingly the orders dismissing the attempted appeals to the district court are affirmed.