**STATE of Missouri, Respondent,**

v.

**James J. ROKITA, Appellant.**

**No. 41164.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 1979.

Daniel R. Devereaux, Devereaux & Stokes, St. Louis, for appellant.

George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from an order of the circuit court of the City of St. Louis dismissing his appeal from a misdemeanor conviction in the Magistrate Court. On September 28, 1978 defendant was found guilty of the sale of obscene materials and fined $500 in the magistrate court of the City of St. Louis. On the same date the Magistrate Judge entered the following order: "Deft cont 10/10/78 for file motion to appeal [sic]." A motion for new trial was filed with the magistrate court on October 10 and denied the same day. On October 20, defendant filed his notice of appeal with the circuit court, whereupon the prosecuting attorney successfully moved for a dismissal of the appeal as untimely filed, pur-

---

suant to Missouri Supreme Court Rule 22.-10.[1]

On appeal to this court, defendant maintains that the ten day limitation of Rule 22.10 on filing criminal appeals from magistrate court began to run only after his motion for a new trial was denied, and that, by analogy with the rules of procedure in the circuit court, the magistrate court judgment was not final and appealable until the motion for a new trial either had been passed on or the time granted for filing the same had expired. We cannot agree.

The authorities cited by defendant to the effect that appeals from judgments entered prior to the disposition of a motion for new trial are premature for want of a final, appealable judgment (see e. g. *State v. Hicks,* 438 S.W.2d 215 (Mo.1969)), deal with circuit court proceedings, and, as such, are not germane to post-trial procedure in the magistrate court.

█ The right of appeal in a criminal case is purely statutory as no such rights existed at common law, *State ex rel. Garnholz v. LaDriere,* 299 S.W.2d 512, 515 (Mo. banc 1957); *State ex rel. Moberly v. Dorris,* 223 Mo.App. 159, 9 S.W.2d 820, 821 (1928) and unless the statute is complied with, the appellate court cannot acquire jurisdiction of the cause. *State ex rel. Moberly v. Dorris,* supra at 821.

█ The relevant statute, in effect at the time of the trial and attempted appeal of this case, Sec. 543.290 RSMo 1969 provides as follows:

> 1. Any person convicted before a magistrate for any misdemeanor may appeal to the circuit or other court having jurisdiction in criminal cases, if he shall file, within ten days after judgment is rendered, an application stating that he is aggrieved by the verdict and judgment in the case and that appeal is not taken for vexation or delay.

Supreme Court Rule 22.10 provides:

> Any person who is convicted in a magistrate court for any misdemeanor shall be entitled to appeal therefrom to the circuit court in the county. The appeal shall be taken within ten days after judgment is rendered by filing, within such time, a notice of appeal with the clerk of the magistrate court.

We find nothing in the statutes, Supreme Court Rules or cases which leads us to the conclusion that the Magistrate Judge can extend the ten day period. Neither do we find authority for defendant's contention that the filing of a motion for new trial in the magistrate court extended that period. Since the time had expired for the filing of the notice of appeal, the circuit court was without jurisdiction and properly dismissed the appeal.

Judgment affirmed.

GUNN and CRIST, JJ., concur.

---

1. The trial, attempted appeal and dismissal in the circuit court occurred prior to the effective date of the new Judicial Article and the implementing statutes.