J. Michael Hayden, Secretary Kansas Department of Wildlife and Parks 1020 S. Kansas Avenue, Suite 200 Topeka, Kansas 66612
Dear Secretary Hayden:
You inquire whether laws authorizing qualified individuals to carry concealed firearms[1] trump certain laws regulating hunting.[2] You indicate that some licensed hunters believe that they are exempt from having to comply with laws regulating hunting equipment and prohibiting the spotlighting of wildlife by virtue of being able to carry a concealed weapon pursuant to K.S.A. 2006 Supp. 21-4201 (criminal use of weapons), K.S.A. 2006 Supp. 75-7c01 et seq.(Personal Family Protection Act) and 18 U.S.C.S. § 926B, § 926C (carrying concealed firearms by qualified law enforcement officers).
The Hunting Laws
The two hunting laws at issue here are K.S.A.32-1003(a)(7) (spotlighting statute) and K.A.R. 115-4-4 (big game hunting equipment). K.S.A. 32-1003(a)(7) provides, in part:
 "(a) It is unlawful for any person unless authorized by law or rules and regulations of the secretary [of wildlife and parks] to:
 . . . .
 "(7) throw or cast the rays of a spotlight, headlight or other artificial light on any highway, roadway, field . . . or forest for the purpose of spotting, locating or taking any wildlife while having in possession . . . any . . . pistol . . . whereby wildlife could be taken, except that nothing in this subsection shall be construed to prohibit a person from carrying a weapon while using artificial light for conducting surveillance, actively caring for agricultural equipment or livestock or conducting activities described in subsection (c)(2) of K.S.A. 32-1002 . . . when on land under the person's control. . . ."[3]
K.A.R. 115-4-4 lists the hunting equipment for taking big game during archery season, firearm season, and muzzleloader-only firearm season. Subsection (e) provides that "big game permittees shall possess hunting equipment while hunting only as authorized by this regulation and by the most restrictive big game permit or game tag in possession while hunting." Violation of K.S.A. 32-1003(a)(7) and K.A.R. 115-4-4 are misdemeanors.[4]
K.S.A. 2006 Supp. 21-4201. Criminal Use of Weapons
K.S.A. 2006 Supp. 21-4201(a)(4) prohibits individuals from carrying concealed firearms.[5] However, licensed hunters — while engaged in hunting — are exempt from this prohibition.[6] This means only that a licensed hunter is not criminally liable under K.S.A. 2006 Supp. 21-4201
if the hunter is: (1) licensed to hunt; and (2) is engaged in hunting. The exemption does not exempt a hunter from having to comply with the spotlighting statute and the big game hunting equipment regulation.
K.S.A. 2006 Supp. 75-7c01 et seq. The Personal Family Protection Act The Personal Family Protection Act (Act) allows a person meeting certain qualifications to obtain a license to carry a concealed firearm. However, licensees are not privileged to carry a concealed firearm in properly posted premises identified in the Act.[7] Doing so may subject the licensee to criminal prosecution under the Act.[8] Your inquiry is whether a hunter licensed under the Act must, nevertheless, comply with the aforementioned hunting laws.
The focus of the Personal Family Protection Act is ensuring that qualified individuals obtain licenses to carry concealed firearms for self-defense.[9] The purpose of the hunting laws is, among other things, to ensure the preservation, protection, and distribution of wildlife, including regulating the circumstances under which wildlife may be taken.[10] K.S.A. 32-1003(a)(7) and K.A.R. 115-4-4 implement this purpose.
In the absence of any Kansas appellate court decisions addressing this issue, we attempt to interpret the Personal Family Protection Act with the hunting laws in question by applying rules of statutory construction. One of those rules is the in pari materia doctrine that attempts to harmonize apparently conflicting statutes that relate to the same subject matter.[11]
The Michigan Attorney General grappled with a similar issue in deciding whether a hunting equipment law which allowed the use of handguns by hunters exempted them from complying with other Michigan statutes controlling the purchase, transportation, and use of handguns. The Attorney General, applying the in pari materia doctrine, concluded that hunters must comply with Michigan's concealed weapons statute and any other statute governing handguns.[12]
We also find no intent to exempt hunters licensed under the Act from compliance with certain hunting laws. While the Act immunizes licensees from complying with local laws regulating concealed weapons,[13] it does not address other state laws or regulations that restrict possession of firearms. Therefore, in attempting to reconcile both the Act and the hunting laws at issue here, it seems that the more reasonable interpretation is that a hunter licensed under the Act cannot carry a firearm — concealed or not — if spotlighting wildlife.
Regarding hunting equipment for big game, a hunter is limited only to the equipment enumerated in K.A.R. 115-4-4 regardless whether he or she is licensed to carry a concealed firearm.
We are also mindful that the spotlighting statute and the big game hunting equipment regulation are more specific than the laws addressing possessing a concealed firearm and, therefore, in the event of a conflict, the hunting laws in question will control.[14] Accordingly, the fact that a hunter is licensed to carry a concealed firearm does not exempt him or her from having to comply with K.S.A. 32-1003(a)(7) and K.A.R. 115-4-4. Whether the hunter has actually violated these restrictions will be a question of fact.
18 U.S.C.S. § 926B and § 926C. Carrying Concealed Firearms byQualified Law Enforcement Officers
The Law Enforcement Officers Safety Act of 2004 (LEOSA) exempts qualified active and retired law enforcement officers from state laws prohibiting the carrying of concealed firearms[15] unless the exception stated in LEOSA applies:
 "(a) Notwithstanding any other provision of the law of any State . . . an individual who is a qualified law enforcement officer . . . may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).
 "(b) This section shall not be construed to supersede or limit the laws of any State that —
 "(1) permit private persons or entities to prohibit or restrict the possession of concealed firearms on their property; or
 "(2) prohibit or restrict the possession of firearms on any State or local government property, installation, building, base, or park."[16]
While there are no appellate court cases construing this provision in a hunting context, the legislative history indicates that the purpose of this law was to authorize both retired and active law enforcement officers to carry concealed weapons anywhere within the United States so that they can "continually serve and protect . . . communities regardless of jurisdiction or duty status at no cost to taxpayers and "to protect citizens in the wake of a terrorist attack."[17]
Supporters of the legislation also maintained that active and retired law enforcement officers should be able to "defend themselves outside their own state from criminals whom they [had] arrested."[18]
In the absence of appellate court guidance, we offer no opinion whether this law would provide a viable defense to a violation of the Kansas spotlighting statute committed on private property and the big game hunting equipment regulation. (There is no exemption from state laws prohibiting firearms on state or local government property, including parks.) We note, however, that as the intent of the federal law is for self-defense and protecting communities, it is highly doubtful that the law would shield a qualified law enforcement officer who used the firearm to hunt wildlife.
Summarizing, it is our opinion that K.S.A. 2006 Supp. 21-4201
(criminal use of weapons) and K.S.A. 2006 Supp. 75-7c01 et seq.
(Personal Family Protection Act) do not exempt a licensed hunter who may be authorized to carry a concealed firearm from complying with K.S.A. 32-1003(a)(7) which prohibits spotlighting wildlife while in possession of a pistol and K.A.R. 115-4-4 which limits big game hunting equipment. In the absence of guidance from the appellate courts, we offer no opinion whether the Law Enforcement Officers Safety Act of 2004 would provide a viable defense to a violation of K.S.A. 32-1003(a)(7) and K.A.R. 115-4-4.
Sincerely,
 Paul J. Morrison Attorney General
 Mary Feighny Assistant Attorney General
[1] K.S.A. 2006 Supp. 21-4201(c)(2); K.S.A. 2006 Supp. 75-7c01 etseq.; 18 U.S.C. § 926B, § 926C.
[2] K.S.A. 32-1003(a)(7); K.A.R. 115-4-4.
[3] Emphasis added.
[4] K.S.A. 2006 Supp. 32-1031; 32-1032.
[5] Except when on the person's land, abode, or fixed place of business.
[6] K.S.A. 2006 Supp. 21-4201(c)(2).
[7] K.S.A. 2006 Supp. 75-7c10, as amended by L. 2007, Ch. 166, § 5; K.S.A. 2006 Supp. 75-7c11, as amended by L. 2007, Ch. 166, § 6.
[8] K.S.A. 2006 Supp. 75-7c10(b), as amended by L. 2007, Ch. 166, § 5.
[9] K.S.A. 2006 Supp. 75-7c17, as amended by L. 2007, Ch. 166, § 7.
[10] K.S.A. 32-807(q).
[11] City of Overland Park v. Nikias, 209 Kan. 643 (1972).
[12] 1986 Mich. Op. Atty Gen. 431. See 2003 Mich. Op. Atty Gen. 7123 (hunters licensed to carry concealed firearms must abide by hunting firearms' prohibitions).
[13] K.S.A. 2006 Supp. 75-7c17(a), as amended by L. 2007, Ch. 166, § 7.
[14] City of Olathe v. Stott, 253 Kan. 687 (1993) (specific statute controls over statutes that might deal with same subject matter in some general or incidental way).
[15] 2004 U.S.C.C.A.N. (118 Stat.) 805.
[16] Emphasis added.
[17] 2004 U.S.C.C.A.N. (118 Stat.) 805-806.
[18] Id. at 806.